[No. 9360. *En Banc.* June 1, 1911.]

NORTH STAR TRADING COMPANY, *Plaintiff and Appellant*, v. ALASKA-YUKON-PACIFIC EXPOSITION, *Defendant and Appellant*[1]

APPEAL—RECORD—STATEMENT OF FACTS — EXHIBITS. Certificates, receipts, and exhibits, inserted in the statement of facts, which the trial judge refused to certify, certifying that they were no part of the evidence introduced at the trial, cannot be considered on appeal.

CORPORATIONS—ACTIONS BY—CAPACITY TO SUE—PAYMENT OF LICENSE FEE. The act prohibiting any corporation from commencing or maintaining any suit or action without alleging and proving that it had paid its annual license fee should be enforced by the courts as a license tax or revenue measure; and hence judgment for defendant on a counterclaim, in an action between two corporations, should be reversed and the action dismissed where neither corporation proved its capacity to sue, although the objection was not specially urged against the corporation in whose favor the judgment was rendered.

Cross-appeals from a judgment of the superior court for King county, Robert H. Lindsay, Esq., judge *pro tempore*, entered September 2, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Reversed.[2]

[1]Reported in 115 Pac. 855.

[2]Rehearing pending.

*George Olson* (*Edward Judd*, of counsel), for plaintiff.

*Roberts, Battle, Hulbert & Tennant*, for defendant.

PER CURIAM.—The plaintiff, a corporation, was a concessionaire of the defendant, Alaska-Yukon-Pacific Exposition, the corporation that conducted an exposition or fair at the city of Seattle during the summer of 1909. The plaintiff installed at the fair what was known as the Eskimo village. Prior to collecting the Eskimos and the equipment necessary to install the village, it obtained from the defendant the exclusive privilege of using for its purposes a specifically described tract of ground. On attempting to install the exhibit, it was served with notice, signed by the defendant's director of works, forbidding it to use a tract thirty feet in width across the east side of the tract described. It also learned at that time that another concessionaire of the defendant had encroached upon its ground, taking a strip some ten feet in width across another side. The effect was to reduce its concession to about two-thirds of its original size, greatly curtailing and hampering its exhibit, to its loss, as it claimed, in a large sum of money. As a part consideration for the concession granted it, the plaintiff agreed to pay the defendant a certain percentage of its gross receipts. Towards the close of the exposition it began the present action as for damages for a breach of contract, seeking to recover for the losses it claimed to have sustained because of the curtailing of the grounds originally conceded to it.

On filing its complaint, it obtained an order by way of injunctive relief, by which it was permitted to retain the percentages thereafter to become due from it to the defendant to apply on any judgment it might obtain for the damages alleged to have been suffered by it. In its complaint it alleged its corporate capacity, and that it had paid to the state of Washington its annual license fee last due, and facts tending to show a right on its part to recover from the defendant substantial damages. The defendant answered,

putting in issue the allegations of the complaint, particularly the corporate capacity of the plaintiff and the payment of the license fee, and alleged affirmatively that the plaintiff had collected and retained of the fees due it under the contract some $1,641.63, and demanded judgment against the plaintiff for that sum with interest  It failed, however, to allege that it had paid its annual license fee last due.  On the trial the plaintiff offered no proofs of its corporate capacity, nor did it prove that it had paid its annual license fee last due. Nor did the defendant offer·on its own behalf any such proofs. The court, after hearing the evidence, found that·the plaintiff had suffered damages in the sum of $750 by reason of the breach of contract.  It also found that the balance due the defendant from the percentages withheld amounted to the sum alleged in the defendant's answer, and allowed the defendants judgment for the.difference between that sum and the sum found due as damages to the plaintiff.  Both parties appeal.

On the appeal the plaintiff inserted within the statement of facts, presented to the trial judge for settlement, certified copies from the office of the secretary of state of its articles of incorporation, and three certain receipts for licenses showing that its annual license fees had then been paid down to June 30, 1910.  The receipts, however, further show that the defendant was in default as to its license fees at the time it commenced its action.  The trial judge refused to certify these exhibits as part of the statement of facts, but certified, on the contrary, that they formed no part of the evidence introduced at the trial in the court below.

The defendant contends, first, that these exhibits cannot be considered as evidence in this court; and second, that the. plaintiff cannot maintain its action because it did not prove that it had paid its annual license fee last due.  These contentions we think are sound and must be sustained.  It needs no argument, of course, to show that an appellant cannot try his case in the court of appeals on a different state of facts

from that presented to the court below, even when the trial is *de novo* in the appellate court, and this is what we would be allowing the appellant to do if we considered these exhibits as evidence.

The second objection is well taken because the statute expressly prohibits a corporation from commencing or maintaining "any suit, action, or proceeding in any court of this state, without alleging and proving that it has paid its annual license fee last due." It may be that a judgment rendered in a case where no such allegation or proofs appeared would not be void, but this does not justify the court in ignoring the statute. The license tax is a revenue measure, and the prohibiting of suits or actions on the part of corporations without alleging and proving payment of the license fee is intended as a measure to enforce the collection of the tax. The courts, therefore, in the interest of good government, should not ignore the provision.

But the defendant further insists that its own part of the case should be allowed to stand and that it should have judgment against the plaintiff for the full amount of the moneys retained by it; namely, the sum of $1,631.33 with interest. But the defendant is in no better position to seek or obtain affirmative relief than is the plaintiff. It is also a corporation, and has not shown payment of its license tax last due. And were we to concede that it might retain its own cause of action after dismissing that of the plaintiff for want of capacity to sue, in a proper case, we will not do so when it appears on the face of the record that it is wanting in capacity to sue, even though the plaintiff is not specially urging the point.

The judgment entered is reversed, and the cause remanded with instructions to dismiss the action, without costs to either party. Neither party will recover costs in this court.