[No. 10764. Department One. March 28, 1913.]

EASTMAN & COMPANY, *Respondent*, v. HARRY E. WATSON
et al., *Appellants*.[1]

CORPORATIONS—ACTIONS—CONDITIONS PRECEDENT—PAYMENT OF LI-
CENSE FEE—PROOF. Payment of the annual corporate license fee,
which by statute is a prerequisite to suit by a corporation, may be
proved by parol, notwithstanding the statutes make the certificate of
the secretary of state *prima facie* evidence.

SAME. Evidence that it had been paid for the current year is
*prima facie* evidence that it had been paid for previous years.

SAME—PAYMENT OF LICENSE FEE—ISSUES, PROOF, AND VARIANCE.
Rem. & Bal. Code, § 3715, providing that no corporation shall com-
mence or maintain any suit without alleging and proving that it
had paid its annual license fee, is a license tax or revenue measure,
and proof that the fee was paid prior to the trial although in de-
fault when the suit was commenced is admissible under an allega-
tion that it had been paid before suit brought, without amendment
of the complaint; since the purposes of the statute had been fully
met.

Appeal from a judgment of the superior court for King
county, Everett Smith, J., entered May 1, 1912, upon find-
ings in favor of the plaintiff, in an action on contract, after
a trial to the court. Affirmed.

*Paul B. Phillips*, for appellants.

*Hamlin & Meier*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to
recover upon a promissory note for $250 and interest. The
complaint alleged that the plaintiff was a domestic corpora-
tion, and had "paid its annual license fee last due to the sec-
retary of state." The complaint then set out the note and
alleged nonpayment. For answer, the defendants, upon
information and belief, denied the corporate existence of
the plaintiff and the payment of the annual license fee, ad-
mitted making the note, and alleged four affirmative defenses.

[1]Reported in 130 Pac. 1144.

These affirmative defenses were each denied by reply. The case was tried to the court without a jury on May 1, 1912. The president of the plaintiff company was the only witness examined. He testified that the plaintiff had paid its annual license fee. Upon cross-examination he testified, by reference to the certificate of license, that the fee was paid on February 16, 1912. The action was begun on December 23, 1911. No evidence was offered by the defendants, who rested upon an objection to the oral evidence that the license fee had been paid and that there was no evidence that the fee was paid for the year 1911. The trial court thereupon made findings of fact in favor of the plaintiff, and entered a judgment for the amount prayed for in the complaint. The defendants have appealed.

Numerous errors are assigned, but the appeal is based upon three "propositions," stated in the appellant's brief as follows:

"(1) A private corporation having a capital stock is not entitled to affirmative relief under the statutes of this state unless it allege, and, if the allegation be denied, it also prove, that at the time of the commencement of the action it had paid its annual license fee then last due to the secretary of state. (2) A corporation cannot prove payment of its annual license fee by oral proof in preference to production of the official certificate of payment issued by the secretary of state, where oral proof is objected to as being not the best evidence. (3) Proof of payment of corporation license fee must follow the pleadings, and where new issues are developed on the trial respecting time and terms of such payment they must be embodied in amendments to the pleadings or in supplemental pleadings and opposing parties must be fairly and openly apprised of such new issues or else be granted a continuance to enable them to meet the new issues."

These propositions are elaborately argued in the briefs. The second presents the question whether the payment of the annual license fee may be proved by parol. We may assume for the purposes of this case, without deciding, that the denial upon information and belief is sufficient to put the fact

of payment of the license fee in issue. We have heretofore held payment of the license fee may be proved by parol. *Richards v. Bussell,* 70 Wash. 554, 127 Pac. 198, 129 Pac. 90; *Miller & Sons v. Simmons,* 67 Wash. 294, 121 Pac. 462. These cases are conclusive upon that question. The fact that the license fee was paid for the current year is *prima facie* sufficient to show that it was paid for the previous year, and in the absence of proof that previous years have not been paid, will be conclusive.

The first and third propositions present the question whether the action can be maintained or judgment entered for the plaintiff when the license fee was in default when the action was begun. The plaintiff admitted that the license fee due July 1, 1911, was paid in February, 1912. Appellants argue from this that the license fee was not paid at the time the action was begun in December, 1911, and that under the statute, Rem. & Bal. Code, § 3715, plaintiff could not commence the action and, without amending its complaint, could not prove that the fee was paid subsequent to the commencement of the action. The statute provides, at § 3715, *supra:*

"No corporation shall be permitted to commence or maintain any suit . . . in any court of this state, without alleging and proving that it has paid its annual license fee last due."

In discussing this provision in *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition,* 63 Wash. 376, 115 Pac. 855, we said:

"The license tax is a revenue measure, and the prohibiting of suits or actions on the part of corporations without alleging and proving payment of the license fee is intended as a measure to enforce the collection of the tax."

And in *State ex rel. Preston Mill Co. v. Howell,* 67 Wash. 377, 121 Pac. 861, we said:

"These respective acts were not primarily directed against corporations; they were revenue acts pure and simple, and

the provisions directed against corporations were for the purpose of enabling the state to enforce the payment of its revenue and not leave it to the voluntary act of the corporation."

There can be no doubt that the objects of the statute were correctly stated in these cases. If the plaintiff corporation failed to prove at the trial that its license fee has been paid, the court is required to dismiss the complaint; but where it is shown that the fee is paid at that time, the courts will not dismiss the action, because the requirement of the statute is fully met. If the action is brought when the fee is in default, the action may be abated, upon proper showing, until the fee is paid. If no showing is made, the defendant waives the question. *Rothchild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031; *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition*, 68 Wash. 457, 123 Pac. 605. But after the fee is paid, though tardy, the corporation is restored to its right to maintain actions. The amendment of the complaint was therefore unnecessary. Judgment affirmed.

CROW, C. J., GOSE, PARKER, and CHADWICK, JJ., concur.