[No. 12352.  Department Two.  March 13, 1915.]

A. E. RANSOM, *Appellant*, v. WICKSTROM & COMPANY, *Respondent*.[1]

APPEAL—PRESERVATION OF GROUNDS—CAPACITY TO SUE—WAIVER OF OBJECTION. The objection that a corporation, appearing as an adverse claimant to property levied upon, had not paid its annual license fee, is waived if not raised below by demurrer, answer or reply; and it is not raised by motion for a new trial in the absence of a showing that the objection was advanced at that time.

SALES—CONDITIONAL SALES—AGENCY CONTRACT. A contract providing that the title to an automobile should be vested in an agent for the purpose of facilitating the agent's making repairs and effecting a sale of the car on commission, a joint possession being maintained, is not a conditional sales contract that must be recorded, but merely a contract creating an agency.

PRINCIPAL AND AGENT—DEALINGS BETWEEN—CONTRACTS—TITLE OF PRINCIPAL—RIGHTS OF THIRD PERSON. A contract providing that the title to an automobile should be vested in an agent for the purpose of facilitating the agent's making repairs and effecting a sale of the car on commission, and the bill of sale pursuant thereto, does not divest the owner of his interest, or make the car subject to execution for the debts of the agent; nor does the subsequent bill of sale merge the original contract.

EXECUTION—INTERESTS AFFECTED. An execution runs only against the real and not the apparent interest of the judgment debtor.

SAME—SALE—BONA FIDE PURCHASER. An execution creditor purchasing at his own sale is not a *bona fide* purchaser, within the recording acts.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING—ESTOPPEL—MUTUALITY. Estoppels to vary a written instrument by parol evidence must be mutual; and not applying to a third person not a party to the contract, they cannot be asserted by him against such party.

SAME—PAROL EVIDENCE TO VARY WRITING—THIRD PERSONS. Where a principal gave his agent a bill of sale of an automobile for the special purpose of making repairs and effecting a sale on commission, parol evidence is admissible, as against a third person levying on the car as the property of the agent, to show that the bill of sale was given pursuant to the agency contract, and did not divest the principal of his ownership.

[1]Reported in 146 Pac. 1041.

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 17, 1914, upon findings in favor of the defendant, in an action to determine the title to property held under levy of execution, tried to the court. Affirmed.

*Howard O. Durk*, for appellant.

ELLIS, J.—This case presents a contest for possession of an automobile, between an execution creditor, through the sheriff of King county holding under the levy of an execution, and a third party claiming title as against the execution debtor.

The facts are these: On March 20, 1914, the claimant, Joseph E. Wickstrom & Company, a corporation, entered into a contract with J. E. Wickstrom, its secretary and manager, which, omitting formal parts and signatures, reads as follows:

"Whereas party of the first part, desires to sell a forty horse power Chalmers Roadster at a profit to itself to provide capital for expansion, and whereas second party has offered to remodel, repair and sell said motor car for a commission of five per cent upon the actual costs of said remodeling and repairs, it is hereby agreed that second party, as agent for first party, be and he is hereby given full power and authority to remodel and repair said motor car No. J 2638, provided the total expense thereof be limited to the sum of $200, and to sell said motor car thereafter for any sum not less than $1,000 in amount and to deduct the said expenses and commission from the selling price and to retain the same for his own.

"It is especially agreed that a bill of sale for said motor car shall be executed by said first party to the said second party as agent in order that any satisfactory deal stipulated may be closed by said agent. Second party may draw and first party pay total amount of expenses incurred prior to the sale of the car and the first party agrees to pay same.

"In the event of funds not being on hand with the first party to pay said expenses, it is hereby specifically agreed that second party may borrow said amount from a third

party or parties at thirty days and may pledge said motor car as security for said loan, the first party hereby specifically assuming the payment of such obligation if incurred by said agent.

"Said second party may have the use of the said car at any time when it is not required for company purposes, but second party shall be responsible to the first party for any damages resulting to the car from such use."

This instrument was neither acknowledged nor recorded. Thereafter a joint possession seems to have been maintained, Wickstrom using the car for his own purposes when it was not in use for the purposes of the corporation. It does not appear that the execution creditor ever had any notice of this contract.

On April 20, 1914, the corporation claimant executed to the execution debtor, Wickstrom, a bill of sale of the car absolute on its face, reciting a consideration of $1,250 cash, in hand paid. This was recorded on April 21, 1914. On April 24, 1914, the execution debtor gave to one James a chattel mortgage upon the automobile to secure the sum of $200. On April 24, 1914, the plaintiff, Ransom, secured a personal judgment against the defendants J. E. Wickstrom and wife for $267.67 and costs, and on April 25, 1914, caused an execution to be issued thereon and levied by the sheriff upon the car here in question as their property. The corporation thereupon filed in the original action an affidavit claiming ownership of the car, and gave a delivery bond in accordance with the provisions of Rem. & Bal. Code, § 573 (P. C. 81 § 891).

A hearing was had upon the issue of ownership presented by the affidavit. The foregoing facts were developed, and in addition thereto, J. E. Wickstrom testified, without objection, that the bill of sale was given pursuant to the original agreement of March 20, and to enable him to carry out that agreement. One witness testified that, when the levy was made, Wickstrom claimed to own the car, but Wickstrom denied any memory of such a statement, though he admitted

that he may at some time have referred to it as his car.   The
court held that the corporation had established its claim of
ownership.   The plaintiff's motions for judgment and in
the alternative for a new trial were overruled.   Judgment
was entered adjudging the automobile the property of the
corporation claimant, with the right to the immediate pos-
session.   The plaintiff appealed.

(1)   The appellant first contends that this proceeding
should have been dismissed for lack of either allegation or
proof that the corporation claimant had paid its annual li-
cense fee last due, as required by Rem. & Bal. Code, § 3715
(P. C. 405 § 349).   In this connection, reliance is placed
upon the first decision in the case of *North Star Trading
Co. v. Alaska-Yukon-Pacific Exposition*, 63 Wash. 376, 115
Pac. 855, which held, in effect, that this question might be
effectually raised for the first time on appeal.   That decision
was overruled on a rehearing by the court *En Banc*, the
decision being reported in 68 Wash. 457, 123 Pac. 605.   We
there held that an objection because of the failure to allege
payment of the license fee, if not raised in the trial court by
demurrer, answer or reply, would be considered waived.   See,
also, *Rothchild Brothers v. Mahoney*, 51 Wash. 633, 99
Pac. 1031; *Eastman & Co. v. Watson*, 72 Wash. 522, 130
Pac. 1144.   In the last case we said:

"If the action is brought when the fee is in default, the
action may be abated, upon proper showing, until the fee is
paid.   If no showing is made, the defendant waives the
question."

The appellant urges that this was a statutory proceeding
by affidavit to which no answer was required.   The sufficiency
of the affidavit was, however, in issue from the start.   The
appellant could and should have raised the question by a de-
murrer, either written or oral.   It is also urged that the
motion for a new trial was broad enough to include this ob-
jection.   It is not pretended, however, that the objection now
urged was ever advanced in the trial court even in argument.

In the absence of such a showing, on the authority of the foregoing decisions, we must treat the objection as waived.

(2)   It is next urged that the competent evidence was insufficient to establish the claimant's ownership of the automobile.   It is argued that the original contract of March 20, 1914, was a contract of conditional sale to the execution debtor; that since it was never recorded, the reservation of title in the corporation was ineffectual as against the execution creditor who, it is claimed, was an incumbrancer in good faith; and that, in any event, that contract was merged in and extinguished by the bill of sale of April 20, 1914. These claims are not tenable.   The original contract was not a conditional sale nor a sale of any kind.   It was a mere contract creating an agency, for the specific purpose of repairing and selling the car for given commission.   That contract provided that the title of the car should be vested in the agent by a bill of sale, to facilitate his disposition of the car in execution of the purpose of the agency.   The uncontradicted evidence shows that the bill of sale was made pursuant to this contract and to carry out the original purpose.

It is the settled law in this state that a judgment is a lien on the real and not the apparent interest of the judgment debtor.   An execution creditor purchasing under his own levy and sale is not a *bona fide* purchaser within the meaning of the recording acts.   He takes no greater rights than the execution debtor had.   In this respect there is no distinction between executions upon personal and real property. *Hacker v. White*, 22 Wash. 415, 60 Pac. 1114, 79 Am. St. 945; *Scott v. McGraw*, 3 Wash. 675, 29 Pac. 260; *American Sav. Bank & Trust Co. v. Helgesen*, 67 Wash. 572, 122 Pac. 26, Ann. Cas. 1913 A. 390; *Elwood v. Stewart*, 5 Wash. 736, 32 Pac. 735, 1000; *Lee v. Wrixon*, 37 Wash. 47, 79 Pac. 489; *Woodhurst v. Cramer*, 29 Wash. 40, 69 Pac. 501; *Rohrer v. Snyder*, 29 Wash. 199, 69 Pac. 748; *Bloomingdale v. Weil*, 29 Wash. 611, 70 Pac. 94; *Dawson*

*v. McCarty*, 21 Wash. 314, 57 Pac. 816, 75 Am. St. 841. It follows, as a corollary—and this court has so held—that an execution creditor purchasing at his own sale is not a *bona fide* incumbrancer. *Benney v. Clein*, 15 Wash. 581, 46 Pac. 1037. These principles are now too thoroughly established in this state to admit of question. It is clear, therefore, that, if parol testimony was admissible to establish the fact that the bill of sale was given pursuant to the original contract and for the purpose of carrying it out, the judgment must be affirmed.

The fallacy of the claim that parol testimony would be inadmissible in such a case as this, on the ground that it would tend to vary the terms of a written instrument, becomes at once apparent when it is remembered that this contest is not between the parties to that instrument, but between one of them and a stranger thereto.

"Greenleaf thus states the law on the subject: 'The rule under consideration is applied only (in suits) between the parties to the instrument, as they alone are to blame if the writing contains what was not intended or omits that which it should have contained. It cannot affect third persons who, if it were otherwise, might be prejudiced by things recited in the writings contrary to the truth through the ignorance, carelessness or fraud of the parties; and who, therefore, ought not to be precluded from proving the truth, however contradictory to the written statements of others.' " 3 Jones, Evidence, p. 217, § 449.

Let us suppose that the judgment and execution had been against the present claimant and that Wickstrom had claimed, in opposition to the levy, that the car was his. Unquestionably the execution creditor would have been permitted to show by parol evidence that Wickstrom's real interest was only that of an agent holding the legal title for a specific purpose. The fact that parol testimony tends to curtail rather than enlarge the debtor's apparent interest can make no logical difference in the rule by which the real facts may be evidenced. However conclusive the terms of a

written instrument may be between the parties thereto, they are not so conclusive between either of those parties and a third person in litigation where the terms of the written contract are only collaterally in issue. Browne, Parol Evidence, p. 31, § 28.

It is true that where a third person not a party to a contract bases his claim upon it as one made for his benefit, or seeks to render it effective in his favor as against one of the parties by enforcing a right originating in the relation established by it or founded upon it, the rule against the admission of parol evidence applies. 3 Jones, Evidence, p. 220. But we know of no case where the rule excluding parol evidence has been applied as between the parties to the contract and a third person, excepting where the third person was claiming as a beneficiary under the instrument or seeking to assert rights which originated in, that is to say, were primarily created by, the relation established by the written contract, or were founded directly upon it. In order to be bound by the terms of a written contract, third parties must come within the purview of the relation created by it. None of the following decisions, cited in support of the above text, goes further than we have indicated, save certain dictum in the Missouri decision. *Minneapolis, St. P. & S. S. M. R. Co. v. Home Ins. Co.*, 55 Minn. 236, 56 N. W. 815; *Sayre v. Burdick*, 47 Minn. 367, 50 N. W. 245; *Current v. Muir*, 99 Minn. 1, 108 N. W. 870; *Schultz v. Plankinton Bank*, 141 Ill. 116, 30 N. E. 346, 33 Am. St. 290; *Schneider v. Kirkpatrick*, 80 Mo. App. 145; *Selchow v. Stymus*, 26 Hun 145; *Hankinson v. Riker*, 10 Misc. Rep. 185, 30 N. Y. Supp. 1040; *Wodock v. Robinson*, 148 Pa. St. 503, 24 Atl. 73.

The appellant's rights here did not *originate* in the bill of sale, nor are they founded upon it. He does not come within the purview of the relation of voluntary vendor and vendee created by it. His relation arises purely as a matter of law, which creates the lien of an execution and attaches it to the

actual rather than the apparent interest of the judgment debtor, whatever that interest may in reality be and however evidenced. If it were to the appellant's advantage to controvert the bill of sale, it cannot be doubted that he could contest its terms and show the real nature of the transaction by parol evidence. There is no principle of equity which would estop him to do so. The fact that it is not to his interest to do so, cannot change the rule nor alter the nature of his rights thereunder. But it is a general rule that estoppels are mutual. Since the appellant would be permitted, if he so desired, to show by parol the real agreement as against the parties regardless of the written contract, the parties to the contract are not estopped as against the appellant also to show the real agreement by parol. While we have found no decision involving the same facts as those here presented, the following authorities exemplify the principle involved: Browne, Parol Evidence, p. 38, § 28; *Carmack v. Drum*, 32 Wash. 236, 73 Pac. 377, 785; *Eaton v. Alger*, 2 Keyes (N. Y.) 41, 45; *Fuller v. Acker*, 1 Hill (N. Y.) 473; *Furbush v. Goodwin*, 5 Foster (N. H.) 425, 446; *McMaster v. President etc. of Insurance Co. of North America*, 55 N. Y. 222, 234; *Sigafus v. Porter*, 84 Fed. 430, 438; *Dunn v. Price*, 112 Cal. 46, 44 Pac. 354; *British & American Mtg. Co. v. Cody*, 135 Ala. 622, 33 South. 832. See, also, note to *Allen v. Ruland* (79 Conn. 405, 65 Atl. 138, 118 Am. St. 146), 8 Am. & Eng. Ann. Cas. 347.

In *Eaton v. Alger, supra,* C transferred to E a note payable to bearer, drawn by J and indorsed by W. He took E's receipt for it, agreeing "to account for the same on demand." In an action by E against the maker and indorser, the receipt was received to establish the claim that title to the note was not in the plaintiff, and that he held it as bailee. The testimony of both C and E, offered to prove the nature of the contract and the consideration of the transfer, was excluded. On appeal this was held error. The court said:

"The general rule is that estoppels are mutual. Parties to an instrument are mutually precluded from varying it by parol; but the rule does not apply to persons who are neither parties nor privies to the contract, and whose rights are not affected thereby. It cannot be doubted that, if the rights of the defendants were injuriously affected by the receipt, they could contradict it by parol; and, therefore, the parties to the receipt are not estopped as to them, and, in an action with them, may show the real agreement by parol."

We have not had the aid of any brief on behalf of respondent in this cause, but after as thorough an investigation of the authorities as the limited time at our disposal would permit, we are constrained to hold that, inasmuch as this contest arises between a party to the contract and a stranger thereto, parol evidence was admissible on both sides to prove the real character of the transaction whereby the execution debtor became possessed of this car. As we have seen, that evidence was sufficient to establish the fact that the bill of sale, though absolute on its face, was really intended to vest the naked legal title in the execution debtor for the purpose of carrying out the original unrecorded agreement between the parties.

The case of *Eisenberg v. Nichols*, 22 Wash. 70, 60 Pac. 124, 79 Am. St. 917, cited by the appellant, is not applicable. The vendor there sought to assert title, under an unrecorded conditional sale contract, as against a *bona fide* purchaser for value. He was precluded by the direct terms of the statute. Rem. & Bal. Code, § 3670 (P. C. 349 § 35). Under the undisputed evidence here, there was no sale, conditional or otherwise. The statute touching conditional sales has no application.

The case of *Worley v. Metropolitan Motor Car Co.*, 72 Wash. 243, 130 Pac. 107, mainly relied upon by the appellant, is equally inapposite. In that case, also, the vendor relied upon an unrecorded conditional sale contract. He sought to assert title as against a chattel mortgage given

to secure an antecedent debt for money borrowed and used as part payment for the car.  This court held that the mortgagee having taken his mortgage without notice, either actual or constructive, of the vendor's reserved title, though for an antecedent consideration, was an incumbrancer in good faith within the meaning of the conditional sale statute. We have never held, however, that an execution creditor for an antecedent debt was an incumbrancer in good faith, but just the contrary, as already noted.  The reason for this distinction is not far to seek.  In the one case, the lien of the chattel mortgage arises from the right of a debtor to give a preference as between unsecured creditors not affected with notice of any fraud on the debtor's part.  In the other case, the lien of the execution arises as a matter of law and affects the real interest of the debtor only.  It is subject to all existing equities or interests of other persons.

The judgment is affirmed.

MORRIS, C. J., FULLERTON, MAIN, and CROW, JJ., concur.