[No. 13114.   Department Two.   February 15, 1916.]

## NORTHWEST MOTOR COMPANY, *Appellant*, v. CHARLES BRAUND, *Respondent*.[1]

CORPORATIONS—ACTIONS—CONDITION PRECEDENT—PAYMENT OF LICENSE FEE.  Rem. & Bal. Code, § 3715, providing that no corporation shall commence or maintain any suit without alleging and proving that it had paid its annual license fee, being merely a revenue measure, is sufficiently complied with by payment before argument for new trial and entry of findings and decree; especially where defendant took judgment on a counterclaim which the corporation was forced to defend.

REFORMATION OF INSTRUMENTS—FRAUD — EVIDENCE — SUFFICIENCY. A written contract for the sale of an automobile cannot be reformed for fraud in failing to incorporate in it certain guarantees, upon evidence of the purchaser that he failed to read it when assured that it was only a form, nothing having been done to keep him from doing so, and it appeared by other evidence that he read the whole contract and objected to certain terms; since the fraud must be established by a preponderance of substantial and clear testimony.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered January 6, 1915, upon findings in favor of the defendant, in an action on contract, tried to the court.   Reversed.

*George R. Biddle* and *Knight & Muscek*, for appellant.

*Burkey, O'Brien & Burkey*, for respondent.

BAUSMAN, J.—Action at law tried without a jury, plaintiff suing for the balance upon a conditional sale contract of a second-hand automobile.   Defendant, admitting that he had made the contract, answered that it contained terms expressly excluding guaranties when in point of fact it should have contained those guaranties.   Demanding reformation, he sets up violated guaranty of workmanship, materials, and condition, and counterclaims for damages.   Judgment was rendered in his favor on these counterclaims.

[1] Reported in 154 Pac. 1098.

Plaintiff's annual corporation license fee, under Rem. & Bal. Code, § 3715 (P. C. 405 § 349), was unpaid until after trial. It was, however, paid before the argument for new trial and before the entry of the findings and the decree. We hold this to be a sufficient compliance with the statute to enable plaintiff to conduct this suit, for, as we have previously held, the statute is but a revenue measure and we have no hesitation in extending to this situation the doctrine of *Eastman & Co. v. Watson,* 72 Wash. 522, 130 Pac. 1144. There is additional reason here because defendant has not only counterclaimed, but takes judgment under that counterclaim against this plaintiff, in consequence of which plaintiff, being forced to defend, is in substantially a similar situation to that of plaintiff in *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition,* 68 Wash. 457, 123 Pac. 605.

The lower court found that defendant signed the contract under false assurance as to its contents, and that it should have contained the guaranties. But this is another case in which we must insist that fraud be made out by the substantial weight of the testimony. To begin with, defendant not only was able to read, but admits that, before signing the contract, he looked into it and objected to the rate of interest. The others refusing to change it, he submitted to that, so if the thing does not speak defendant's mind, the fault is his own.

If they are to be set aside or altered upon no stronger showing than is made here, the sanctity of writings is done for. Substantially the most that can be said of defendant's testimony is that, at the time of the signing, he did not read the contract and was assured that it was only a form. But the plaintiff company for its part denies this, claims that the paper was actually read to the man, produces the writing' itself with his signature, and asserts that they understood it to 'mean what it says. It is not even pretended that cunning or unusual means were employed to keep him from reading the contract. No man shall escape his bargain on testimony like this. It is to avoid just these disputes that contracts

are put in writing.    To overturn these, there must be not
merely some, though roundly asserted, testimony, but a pre-
ponderance of testimony, substantial and clear.

The cause is reversed, with instructions that judgment be
entered in favor of plaintiff as requested by plaintiff in its
first conclusion of law, less the sum of $25, adjudged due de-
fendant by the court in its sixth finding, on account of tools
constituting a part of the car and not delivered with it.    Re-
manded accordingly.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.