[No. 14529.   Department Two.   February 26, 1918.]

J. D. LANHAM, *Appellant*, v. ROBERT LONGMIRE *et al.,*
*Respondents.*[1]

EXECUTION—LEVY—CLAIMS BY THIRD PERSON—TITLE—EVIDENCE. Upon claim and delivery for property levied upon, a bill of sale from a third person makes only a *prima facie* case, and does not conclude the execution creditor from showing that the title was in fact in the execution debtor.

SALES—DELIVERY—TITLE. Where a trade of automobiles was consummated by plaintiff and S. and the car then delivered to S. continued in his possession until the price or allowance of the old car had been agreed upon, and was never thereafter in plaintiff's possession, the title passed at the time of delivery, and the automobile was accordingly thereafter subject to execution against S.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 9, 1917, upon findings in favor of the defendants, in an action of replevin, tried to the court. Affirmed.

[1]Reported in 171 Pac. 237.

*Thomas J. Wayne,* for appellant.
*Ryan & Desmond,* for respondents.

CHADWICK, J.—On the 20th day of May, 1914, respondent Louisa C. Pletsch, as administratrix, recovered a judgment against one P. W. Smyley. In March, 1917, Smyley was engaged in the automobile business at Tacoma, Washington. Appellant owned an Overland automobile, which was turned over to Smyley on the 25th day of March. On the 28th day of March, the car was seized by the sheriff on an execution as the property of Smyley. On March 31st, appellant began this action, and made affidavit, Rem. Code, § 573, that he was the owner of the car and entitled to its immediate possession. A redelivery bond was filed, and the car returned to appellant. On the 31st day of March, appellant and Smyley consummated a trade, Smyley allowing a credit of $500 on a new Chandler car, which he turned over to appellant on that day. He thereafter used the Overland car as his own until it was sold to third parties. The court, sitting without a jury, held in favor of respondents, and appellant has appealed.

It is assigned as error that the court held that it was incumbent upon appellant to prove title at the time of trial; whereas, the law is that he may recover if he proves title at the time of the levy.

Appellant offered a bill of sale showing final payment by him to a third party for the Overland car, and this, he contends, makes proof of ownership that cannot be overcome by subsequent events. It may be granted that a deraignment of title from a third party makes a *prima facie* case, but it does not conclude an execution creditor from showing that the title was, in fact, in the execution debtor at the time of the levy.

"However conclusive the terms of a written instrument may be between the parties thereto, they are not

so conclusive between either of those parties and a third person in litigation where the terms of the written contract are only collaterally in issue." *Ransom v. Wickstrom & Co.*, 84 Wash. 419, 146 Pac. 1041, L. R. A. 1916A 588.

Counsel differ as to the meaning of our statute, Rem. Code, § 573. The one insists that it means that the title or right of possession shall be proved as of the time of the levy; and the other, that it means that such proofs shall be as of the time of the trial. Respondents' reasoning is that, whereas, under our claim and delivery statute, the sheriff does not try the title or right of possession as at common law or under some statutes, the engagement to make good his title means to make it good in a court of competent jurisdiction, and at a time when the bond may be exonerated or enforced by a proper judgment.

It may be granted that a claimant, in an ordinary case, may sustain himself by showing title or a right of possession at the time of the levy, for we can readily conceive that he may have sold his property to a third person pending a trial, under a warranty of title. If this were made to appear, a defendant in claim and delivery could not set up the sale to defeat the right of the claimant.

But whatever the rule may be as to the time when the title or right of possession is to be established, we are satisfied that, in so far as appellant is concerned, Smyley had title at the time of levy. The books contain no hard and fast rule as to the time when title will pass as between vendor and vendee. It is a question of intention; and although the fact that something remains to be done, as to determine quality, quantity, or price, affords a presumption that title is not intended to pass until its performance, the presumption is not conclusive. 35 Cyc. 282. A delivery to the buyer is

strong evidence of an intention to pass the title at once. 35 Cyc. 286.

"The question as to the passing of title is fraught with difficulties, and not always easy of solution. An examination of the multitude of cases bearing upon this subject, with their infinite variety of facts, and at least apparent conflict of law, ofttimes tends to confuse rather than to enlighten the mind of the inquirer. It is best, therefore, to consider always, in cases of this kind, the general principles of the law, and then apply them as best we may to the facts of the case in hand." *Sherwood v. Walker*, 66 Mich. 568, 33 N. W. 919, 11 Am. St. 531.

Now, in the case at bar, the property had been voluntarily delivered to Smyley. It was in his possession at the time the levy was made. This possession was not interrupted by the redelivery, but continued until the price, or an allowance for the old car, had been agreed upon. Appellant never had possession of the car, nor has he ever had any control over it, since he delivered it to Smyley. He admits he filed the affidavit in claim and delivery at the instance and request of Smyley, who is paying the costs of this action.

Taking the whole record with all its legitimate inferences, we are convinced that, as between appellant and Smyley, title passed on or before the 28th day of March, and that appellant has failed to make good his title even as of the day of the levy.

Affirmed.

ELLIS, C. J., MOUNT, and HOLCOMB, JJ., concur.