[No. 14896.  Department Two.  March 19, 1919.]

COMMERCIAL BANK & TRUST COMPANY, *Respondent,* v. WENATCHEE PARK LAND & IRRIGATION COMPANY, *Appellant,* COLUMBIA VALLEY BANK, *Defendant.*[1]

CORPORATIONS (193)—ACTIONS—PAYMENT OF LICENSE FEE—WAIVER OF OBJECTION. Since Rem. Code, § 3715, prohibiting a suit by a corporation without alleging and proving payment of its license fee, is a revenue measure, the objection that there was no proof of such payment is waived if not specifically pointed out at the trial; and is not saved by a general motion to dismiss for failure of the evidence to make out a *prima facie* case.

DAMAGES (104)—ISSUES, PROOF AND VARIANCE—AMOUNT. Failure to reply to an allegation of damages claimed as a set-off does not authorize the court to find damages, where no evidence of any damages whatever was offered.

[1] Reported in 179 Pac. 798.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered November 8, 1917, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Affirmed.

*Crollard & Crollard,* for appellant.
*Samuel R. Stern,* for respondent.

MOUNT, J.—This action was brought to recover against the Wenatchee Park Land & Irrigation Company upon certain promissory notes, and for the appointment of a receiver for that company.   The complaint alleged that the plaintiff had paid its annual license fee for that year, and then proceeded to set out the notes; alleged that the notes were unpaid and past due, and that the defendant bank was the holder of certain of the Wenatchee Park Land & Irrigation Company's property in trust.   The bank was made a party for that reason.   The Wenatchee Park Land & Irrigation Company answered the complaint, denying upon information and belief, that the plaintiff had paid its annual license fee.   It then denied any indebtedness upon the notes, and alleged by way of crosscomplaint that it had been damaged in the sum of $1,000 by reason of vexatious litigation theretofore brought by plaintiff against defendants.   Upon these issues, the case was tried to the court without a jury.

At the conclusion of the plaintiff's evidence, the defendants moved the court that the case be dismissed for the reason "that the evidence produced fails to make a *prima facie* case;" and also moved for judgment against the plaintiff according to the demands of defendant's affirmative defense and cross-complaint. These motions were denied, and at the conclusion of the case, the trial court found in favor of the plaintiff, making a specific finding as follows:

"That the plaintiff is a domestic banking corporation, which, at the time of the commencement of the action, had paid its last annual license fee due."

It then made further findings of the amount due upon the notes, and entered judgment for the amount found due, and for the appointment of a receiver of the Wenatchee Park Land & Irrigation Company. This last named company has appealed from the judgment.

A large number of errors are assigned, but appellant relies solely upon two points, as follows:

"(1)  Respondent failed to make a *prima facie* case, and the evidence therefore fails to support the findings, conclusions or decree; and

"(2)  Appellant was entitled to judgment under its cross-complaint."

The appellant argues that there was no evidence introduced at the trial that the respondent had paid its annual license fee and, therefore, that, under the provisions of § 3715, Rem. Code, the court should have dismissed the action. The respondent on this point contends that there was evidence introduced to show that the respondent had paid its annual license fee last due. We find no evidence in the record to that effect. It is claimed by respondent that some of the exhibits are missing and that this evidence was in the missing exhibits. If we may concede that there was no evidence offered upon this point, we are satisfied that the case should not be reversed upon that ground; for it is plain from the record that no specific objection was made at any time in the trial of the case that the respondent had not paid its annual license fee. In *Thompson-Spencer Co. v. Thompson,* 61 Wash. 547, 112 Pac. 655, in speaking to this point, we said:

"The appellants in this case, at the close of plaintiff's evidence, moved the court to dismiss the action

because 'the evidence introduced does not show a right
of recovery.' But the ground now urged was not spe-
cifically mentioned. We think the appellants should
have stated this ground so that the fact could have
been supplied if the respondent could do so. The
question, not having been raised, was waived."

In *Eastman & Co. v. Watson*, 72 Wash. 522, 130
Pac. 1144, we held that the tax upon corporations is a
revenue measure, and the prohibition of suits on the
part of corporations without alleging and proving pay-
ment of the license fee is intended as a measure to
enforce the collection of the tax. In that case, we
said:

"If the action is brought when the fee is in default,
the action may be abated, upon proper showing, until
the fee is paid. If no showing is made, the defendant
waives the question. *Rothchild Bros. v. Mahoney*, 51
Wash. 633, 99 Pac. 1031; *North Star Trading Co. v.
Alaska-Yukon-Pacific Exposition*, 68 Wash. 457, 123
Pac. 605. But after the fee is paid, though tardy, the
corporation is restored to its right to maintain
actions."

In the case of *Ransom v. Wickstrom & Co.*, 84 Wash.
419, 146 Pac. 1041, L. R. A. 1916 A 588, in speaking
to this question, we said:

"It is not pretended, however, that the objection
now urged was ever advanced in the trial court even
in argument. In the absence of such a showing, on
the authority of the foregoing decisions, we must treat
the objection as waived."

In *Northwest Motor Co. v. Braund*, 89 Wash. 593,
154 Pac. 1098, we said:

"Plaintiff's annual corporation license fee, under
Rem. & Bal. Code, § 3715, was unpaid until after trial.
It was, however, paid before the argument for new
trial and before the entry of the findings and the
decree. We hold this to be a sufficient compliance with

the statute to enable plaintiff to conduct this suit, for, as we have previously held, the statute is but a revenue measure and we have no hesitation in extending to this situation the doctrine of *Eastman & Co. v. Watson,* 72 Wash. 522, 130 Pac. 1144."

The same rule was followed in *Washington Printing Co. v. Osner,* 99 Wash. 537, 169 Pac. 988. We think it is plain from these authorities that, if there was no proof that the respondent had paid its annual license fee, that point should have been specifically called to the attention of the court as a reason for dismissing the action; for then counsel for the respondent, if no such evidence had been introduced, could have supplied the evidence if it were available. The appellant did not specifically call the attention of the court to the fact that no evidence upon this question was introduced by the respondent, but the motion for dismissal was a general motion to the effect that the evidence failed to make a *prima facie* case, which, of course, referred to the evidence upon the merits of the case and did not call the court's attention to a technicality which would ordinarily not be suggested in this form of motion. We are of the opinion, therefore, even admitting that no evidence upon this subject was introduced, that the appellant waived the point by not specifically mentioning it in argument or in its motion for dismissal.

Appellant further contends that the court should have entered a judgment against the respondent for $1,000 damages, because the allegation of damages was not denied by the respondent's reply. It is sufficient to say that no evidence whatever of any damages was offered, and we are of the opinion, therefore, that the court was not authorized to find damages where none were proven, even if such damages might

be plead as an offset to the notes, which we do not decide.

The judgment appealed from is therefore affirmed.

Parker, Main, Fullerton, and Holcomb, JJ., concur.