## COLUMBIA LUMBER CO. OF ALASKA v. HANSEN et al.
### No. A–2945.

District Court of Alaska. Third Division. Anchorage.
July 3, 1946.

John E. Manders, of Anchorage, for plaintiff.

Davis & Renfrew, J. Gerald Williams, W. N. Cuddy, E. L. Arnell, and J. L. McCarrey, all of Anchorage, for defendants.

DIMOND, District Judge.

Under the authority of the second subdivision of Sec. 3416, C.L.A. 1933, the defendant, Inga Hansen, has challenged the sufficiency of the plaintiff's complaint by demurrer, upon the ground:

"That the plaintiff, Columbia Lumber Company of Alaska, a corporation, has no legal capacity to sue in that, as will appear from plaintiff's Complaint, plaintiff is a corporation and it is nowhere alleged that plaintiff has filed its annual report for the last calendar year as required by law."

Sec. 1017, C.L.A. 1933, as amended by Chapter 89, § 8, of the Session Laws of Alaska 1935, contains the following:

"No corporation, foreign or domestic, shall be permitted to commence or maintain any suit, action or proceeding in any court in this Territory without alleging and proving that it has paid its annual corporation tax last due and has filed its annual report for the last calendar year."

The complaint in this action alleges that the plaintiff is a domestic corporation, but it does not contain any averment that the plaintiff has "filed its annual report for the last calendar year." The question to be determined is whether the complaint is demurrable for lack of such pleading upon the ground in the demurrer stated. This Court has heretofore held that such a pleading is not subject to demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

In the State of Washington, under analogous circumstances, where the plaintiff corporation failed to plead "that it has paid its license fee last due," despite a statute so commanding, the Supreme Court of that State, in the case of Rothchild Bros. v. Mahoney, 1909, 51 Wash. 633, 99 P. 1031, 1032, held that "failure to pay the license fee last due would under the statute only affect appellant's capacity to sue" and that the objection could be taken either by demurrer or answer. This conclusion was arrived at under a law of the State of Washington, substantially the same as Sec. 3420, C.L.A. 1933, which provides that if no objection be taken either by demurrer or answer the defendant shall be deemed to have waived the same, excepting only the objection of the jurisdiction of the Court and the objection

that the complaint does not state facts sufficient to constitute a cause of action.

The reasoning of the Supreme Court of Washington in the Rothchild case applies with full force here. While three of the judges dissented from the opinion and decision in that case, the majority view has since been followed steadfastly by the same Court. North Star Trading Co. v. Alaska-Yukon-Pacific Exposition, 1912, 68 Wash. 457, 123 P. 605; William A. Eastman & Co. v. Watson et ux., 1913, 72 Wash. 522, 130 P. 1144; Ransom v. Joseph E. Wickstrom & Co. 1915, 84 Wash. 419, 146 P. 1041, L.R.A. 1916A, 588.

■ The plaintiff's complaint fails to show its legal capacity to bring and maintain this suit. The demurrer will be sustained and the plaintiff may have five days from this date within which to plead over.