RICHARDSON VISTA CORP. et al. v. CITY OF ANCHORAGE.
No. A–7442.

District Court, Alaska.
Third Division.  Anchorage.
Feb. 29, 1952.

1

Hellenthal, Hellenthal & Cottis, Anchorage, for plaintiffs.
Ralph E. Moody, Anchorage, for defendant.

DIMOND, District Judge.

This is an action brought by two foreign corporations arising out of alleged imposition of municipal taxes on the property of plaintiffs by defendant City of Anchorage. In the prayer of their complaint the plaintiffs pray for the following relief in the alternative:

(a) For an Injunction;

(b) For relief from an oppressive assessment under the provisions of Section 503, Chapter 8, Anchorage General Code.

(c) For a Writ of Review directed to the defendant City, and for modification or annulment of the Board of Equalization's final decision.

The action was filed on January 3, 1952. In the complaint it is stated, with respect to each of plaintiffs, that each plaintiff "has paid its annual corporation license fee last due and has filed its annual report for the last calendar year, and has fully complied with the laws of the Territory of Alaska relating to corporations of its classification."

The defendant has moved to dismiss the action and also for summary judgment. The principal ground is the failure of the plaintiffs to comply with the provisions of the Corporation Act requiring the payment of license fees and the filing of annual reports. The motion for summary judg-

ment is supported by certificates of the Auditor of Alaska and the Clerk of this Court showing that the plaintiffs, Richardson Vista Corporation and Panoramic View Corporation, did not file their respective annual reports for the year ending July 31, 1951, until January 22, 1952.

It seems certain that neither of the plaintiffs was in full compliance with the law until January 22, 1952, and that the averments above quoted in the complaint, filed on January 3, were, in fact, untrue.

The latest version of our statutory law upon the issue here involved is to be found in Chapter 25 of the Session Laws of Alaska 1951 and reads as follows:

> "No corporation, foreign or domestic, shall be permitted to commence or maintain any suit, action or proceeding in any court in this Territory without alleging and proving that it has paid its annual corporation tax last due and has filed its annual report for the last calendar or fiscal year for which such report became due for filing."

The language is in some respects not entirely clear. The defendant suggests that the complaint itself must embody the *proof* of compliance with the provisions of the Act. This theory runs counter to our well-established procedure. Indeed, it is difficult to conceive how in a complaint the pleader could "prove" as well as allege compliance with the requirements above quoted. A more reasonable view, which does no violence to language, would construe the sentence above-quoted as though it provided that no corporation shall be permitted to commence any suit action or proceeding in any court of this Territory, without alleging, or maintain the same without proving, that it has paid its annual corporation tax and filed its annual report as required by law. In this manner the obvious intent of the legislature would be carried out and the pleader would not be faced with the incongruous task of making proof in his complaint.

The general rule adhered to by the courts in construing similar statutes is that, upon compliance by the corporation —including compliance after the suit is filed—the action may be maintained and the suit will not be dismissed by reason of previous default. Smith v. Highland Mary Mining, Milling & Power Co., 1927, 82 Colo. 288, 259 P. 1025; Eagle Oil Corporation v. Cohassett Oil Corporation, 1933, 263 Mich. 371, 248 N.W. 840; Maryland Casualty Co. v. Superior Court, 1928, 91 Cal.App. 356, 267 P. 169; Eastman & Co. v. Watson, 1913, 72 Wash. 522, 130 P. 1144; Rollins v. Fearnley, 1909, 45 Colo. 319, 101 P. 345; Northwest Motor Co. v. Braund, 1916, 89 Wash. 593, 154 P. 1098; McCann v. Children's Home Society, 1917, 176 Cal. 359, 168 P. 355; California Savings & Loan Society v. Harris, 1896, 111 Cal. 133, 43 P. 525.

Question has arisen as to the effect of such a ruling upon the possible operation of a statute of limitations. The applicability of any period of limitations which may possibly apply to this action, such as is embraced in Chapter 8, Sec. 503.1 of the General Code of Ordinances of the City of Anchorage, is not sufficiently clear to justify any ruling at this time upon that point. That section of the Municipal Code provides for the revision of assessments and the concluding three sentences thereof are here quoted:

> "The Council may on its own motion after notice to any taxpayer, and after affording him opportunity for hearing, raise tax assessments if less than at the fair and just value of the taxable property. Appeals from the Council's decision may be made to the District Court, within thirty days of the time of the final decision of the Council by filing notice of appeal with the City Clerk and a verified copy of the petition for reduction of assessment. Verified copy of the petition must also be filed with the Clerk of the District Court."

While no adjudicated case bearing on the subject has been found, it would appear both reasonable and just that

an untrue averment of compliance with the law contained in a plaintiff's complaint followed by compliance with the law later as to filing reports and paying license taxes ought not save an action if the applicable period of limitation expired before actual compliance with the law was consummated. No party should be permitted to take advantage of his own false averment contained in his complaint, whether knowingly made or not, to prevent the expiration of a statute of limitations. But the issue is not here clearly presented and is not determined.

Plaintiffs will be required to file within five days from the date hereof, a verified amended and supplemental complaint covering only paragraphs I and XXII thereof, stating the facts with relation to the filing of plaintiffs' annual reports and payment of annual license fees as required by law.

The motion to dismiss and the motion for summary judgment are denied. The defendant may have ten days to answer the complaint, after service and filing of the amended and supplemental complaint as herein directed.