[No. 35308.     Department One.     January 12, 1961.]

TECHNICAL TAPE CORP. *et al., Respondents,* v. FRANCIS M. SLUSHER, *et al., Appellants.*[1]

*Hoof, Shucklin & Harris,* for appellants.

*Eddleman & Wheeler* and *Arnold B. Robbins,* for respondents.

[1]Reported in 358 P. (2d) 304.

MALLERY, J.—Technical Tape of California, Inc., a California corporation (hereinafter referred to as the California corporation), commenced this action in the beginning against the defendants to collect the purchase price of industrial tape products sold to the defendants and resold by them in the Seattle area.

The defendants admitted the indebtedness, but contended that the California corporation could not maintain its action because it had never qualified to do business in this state as required by RCW 23.60.110, which provides:

"No corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state, without alleging and proving that it has paid or contracted to pay as hereinafter provided, all fees due the state of Washington under existing law or this chapter."

The defendants interposed other defenses, but they are no longer significant in this action. From an adverse judgment, the defendants appeal.

The California corporation was a wholly owned subsidiary of Technical Tape Corp., a New York corporation (hereinafter referred to as the New York corporation).

On October 13, 1955, the board of directors of the California corporation met and approved a resolution calling for the dissolution of the corporation. The plan of dissolution was that all of its assets would be assigned to the parent New York corporation, which would, thereupon, turn in for cancellation all of the California corporation stock held by it. On October 17, 1955, the assignment was made. It included the debt sued upon herein. On November 8, 1955, a petition for dissolution was filed with the secretary of state of California and, on April 8, 1957, the California corporation was officially dissolved.

On June 14, 1956, the New York corporation came in as an additional party plaintiff, and the appellants took the position that as assignees of the account it could not maintain the action, notwithstanding the fact that it had qualified under RCW 23.60.110 on March 22, 1957. This was put upon the theory that a nonqualifying corporation could not assign its claim for collection to a qualifying

corporation for the purpose of defeating the mandate of the statute.

██ They cited and rely upon *Association Collectors, Inc. v. Hardman,* 2 Wn. (2d) 414, 98 P. (2d) 318. We do not think that case governs the instant one, because the assignment of the California corporation's assets to the New York corporation was not an assignment *for collection.* The term "assignment" was used to designate the transfer of the subsidiary corporation's assets to the parent corporation during the process of its own dissolution. In such a transaction, the New York corporation did not come into the action as an assignee *for collection.* It was, rather, the party in interest as a result of the dissolution of the California corporation on April 8, 1957. It is true the New York corporation did not qualify to do business in Washington under RCW 23.60.110 until March 22, 1957, but this is not fatal to its right to maintain the action. In *Karnes v. Flint,* 153 Wash. 225, 279 Pac. 728, we held that a corporation could bring suit if it had qualified to do business in the state at the time of trial. See, also, *Northwest Motor Co. v. Braund,* 89 Wash. 593, 154 Pac. 1098, and *Eastman & Co. v. Watson,* 72 Wash. 522, 130 Pac. 1144.

In the instant case, the California corporation, but for its dissolution, could have qualified and brought this suit any time prior to February 3, 1958, the date when the statute of limitations would have run. Since the assignment was not made for the purpose of defeating the mandate of RCW 23.60.110, the New York corporation acquired all the rights in the claim for indebtedness which the California corporation had previously owned. It could, therefore, maintain the action.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

---

April 4, 1961. Petition for rehearing denied.