[No. 25882-6-I.   Division One.   July 29, 1991.]

ROGER LEE CONSTRUCTION CO., INC., *Appellant,* v.
GENE R. TOIKKA, ET AL,
*Respondents.*

*Charles M. Cruikshank III,* for appellant.
*Jeffrey Pratt,* for respondents.

COLEMAN, J. — Roger Lee Construction Company (Lee Construction) appeals the dismissal of its action, claiming that by paying its annual corporate licensing fees before the trial court decided the Toikkas' motion to dismiss — though after the administrative dissolution of its corporate license and after it had presented its case in chief — it was not barred from proceeding with its action. We reverse.

On July 30, 1986, Lee Construction commenced a suit against Gene R. and Marie E. Toikka and their two businesses (the Toikkas) for tortious interference with business relationships and for breach of contract. The complaint alleged that Lee Construction was a Washington corporation but did not specifically allege that the corporation had paid all fees owed to the State under former RCW 23A. However, former RCW 23A.44.120 requires a corporate plaintiff to make that allegation:

> No corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state, without alleging and proving that it has paid or contracted to pay as herein provided all fees and penalties due the state of Washington under existing law or this title.

The Toikkas filed a timely answer which included a variety of affirmative defenses, a counterclaim, and a third party complaint. Claiming insufficient information, the Toikkas denied Lee Construction's allegation that it was a Washington corporation, but they made no reference to Lee Construction's obligation to pay its annual license fees.

On March 15, 1988, Lee Construction was administratively dissolved as a corporation for failure to pay its corporate license fees in a timely manner pursuant to former RCW 23A.28.125. That statute provides as follows:

> (1) A domestic corporation shall be administratively dissolved by the secretary of state upon the conditions prescribed in this section when:
> (a) The corporation has failed to file the annual report required by this title or to pay the annual license fee

required by this title, and a period of sixty days has expired since the last day permitted for timely filing or payment, without the corporation having filed or made payment of all required fees and penalties[.]

Former RCW 23A.28.125(1)(a).

Trial began on January 17, 1990. After Lee Construction presented its case in chief and rested on January 22, 1990, the Toikkas moved for dismissal on the ground that Lee Construction lacked capacity to maintain the action, specifying that the corporation had failed to plead and prove that it had filed its annual license fees. Before the trial court rendered its decision on that motion on the following day, Lee Construction paid its corporate fees and made an offer of proof to the court to that effect. The trial court granted the Toikkas' motion. Lee Construction appeals.

The sole issue before us is whether a corporation, after commencing an action and then being administratively dissolved prior to trial for failure to pay its annual state license fees, can survive a motion to dismiss by paying the required fees after presenting its case in chief.

Relying upon *Jet Boats, Inc. v. Puget Sound Nat'l Bank*, 44 Wn. App. 32, 721 P.2d 18, *review denied*, 106 Wn.2d 1017 (1986), Lee Construction argues that because it paid its license fees in full before the trial court rendered its decision on the motion to dismiss, it was not barred from maintaining its action against the Toikkas. In *Jet Boats*, the corporate plaintiff commenced an action on May 18, 1980, and was administratively dissolved on July 2, 1981, for failure to pay its state license fees for the years 1979, 1980, and 1981. However, the corporation paid the required fees in full on December 10, 1982. For that reason, the court held that former RCW 23A.44.120 did not preclude the corporation from pursuing its claims. *Jet Boats*, at 38. In so holding, the court noted that "corporate license fee statutes have been held to be revenue

measures only, and the prohibition against maintaining a suit when fees are unpaid gives way if a corporation pays its license fees before trial." *Jet Boats*, at 38.

Lee Construction further relies upon former RCW 23A.28.127 which permits a corporation that has been administratively dissolved to apply for reinstatement. That statute states that "[r]einstatement under this section relates back to and takes effect as of the date of administrative dissolution. The corporate existence shall be deemed to have continued without interruption from that date." Former RCW 23A.28.127(4).

In deciding to grant the motion to dismiss, the trial court relied upon *Inducon Corp. v. Crowley Maritime Corp.*, 53 Wn. App. 872, 771 P.2d 356, *review denied*, 113 Wn.2d 1002 (1989). In that case, Inducon had been administratively dissolved on October 19, 1984, for failure to pay its state license fees. Nevertheless, Inducon commenced an action against the defendant on November 7, 1985. The trial court granted the defendant's motion for summary judgment on the basis of former RCW 23A.44-.120. The Court of Appeals affirmed the trial court, reasoning that legislative policy required a corporation to pay the license fees before availing itself of the publicly supported court system. *Inducon*, at 874. The *Inducon* court also noted that its holding was not contrary to *Jet Boats* because in *Jet Boats* the corporate plaintiff paid its delinquent fees prior to trial. As the court stated, "[i]f Inducon wanted to maintain the suit, it could and should have paid its delinquent license fees." *Inducon*, at 875.

The present case is controlled by *Northwest Motor Co. v. Braund*, 89 Wash. 593, 154 P. 1098 (1916),[1] an early case that is relied upon by *Portland Ass'n of Credit Men, Inc. v. Earley*, 42 Wn.2d 273, 278, 254 P.2d 758 (1953), which in turn is cited by *Jet Boats*. In *Northwest Motor*,

---

[1] Although not mentioned in the parties' briefs, *Northwest Motor* was discussed during appellate oral argument.

the plaintiff corporation failed to pay its annual state license fees until *after* trial but before argument for a new trial and before the entry of the findings and the decree. The Supreme Court held that paying the fees when the corporation did was

> a sufficient compliance with the statute to enable plaintiff to conduct this suit, for, as we have previously held, the statute is but a revenue measure and we have no hesitation in extending to this situation the doctrine of *Eastman & Co. v. Watson*, 72 Wash. 522, 130 P. 1144 [(1913)].

*Northwest Motor*, at 594.[2]

*Inducon*, the sole case relied upon by the trial court, is distinguishable from this case because Inducon never paid its license fees, whereas Lee Construction paid its fees after trial began but before the trial court rendered its decision on the motion to dismiss.

■ In keeping with *Northwest Motor*, we hold that Lee Construction sufficiently complied with former RCW 23A.44.120 by paying its corporate license fees prior to the entry of judgment so that dismissal was unwarranted. Accordingly, the order of the trial court is reversed.

GROSSE, C.J., and SCHOLFIELD, J., concur.

---

[2]In *Eastman & Co. v. Watson*, 72 Wash. 522, 130 P. 1144 (1913) the court held that the plaintiff corporation, which had not paid its license fees when it commenced the action but paid the fees before trial began, was properly permitted to maintain the action. *Eastman*, at 525.