[No. 779. Decided February 14, 1893.]

JOHN ELWOOD, *Respondent*, v. ABRAHAM STEWART, JERUTIA STEWART, CHARLES H. SPINNING AND MILDRED D. SPINNING, *Appellants*.

CONVEYANCE — MISDESCRIPTION — REFORMATION OF DEED — SUBSEQUENT GRANTEE — TITLE ACQUIRED AT EXECUTION SALE.

A grantee is entitled to a reformation of the description of the land contained in a deed, although there were no contract relations between him and his grantors, and they in fact thought they were

conveying to another, when it appears that the same land, misdescribed as in the deed, had been mortgaged to a third party by the grantors, and that such third party had contracted to take the land in satisfaction of his mortgage, and that at his instance the deed was made to the grantee.

A subsequent grantee who obtains a deed to land that has been theretofore conveyed to another, although under a wrong description, does not stand in the position of an innocent purchaser, when he has sufficient knowledge of the fact to put him upon inquiry.

Where a grantor has intended and attempted to convey a certain tract, but misdescribes the same in the deed therefor, its subsequent sale by the sheriff upon execution against the grantor will confer upon the purchaser no greater rights therein than the grantor actually had.

*Appeal from Superior Court, Pierce County.*

*Judson & Sharpstein*, for appellants.

*Elwood Evans*, and *H. A. Fairchild*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to reform the description in a deed made by two of the appellants to the respondent.  Two principal questions are presented: *First*, Has the plaintiff shown that there was a mistake in the description such as would authorize a court of equity to amend the same as between the parties thereto; and, *secondly*, does the proof show that the appellants Spinning occupied such a relation to the land in question that they will be protected as innocent purchasers?

The pleadings and proofs show that the mistake in the description originally occurred in a certain mortgage made by the appellants Stewart to one James E. Murne.  The fact that there was in said mortgage a mistake in the description, as set out in the complaint, is clear from the proofs.  Some time after the making of said mortgage such negotiations were had between said appellants Stewart and said Murne that he agreed to take that part of the land covered by the mortgage, situated at Tacoma, and

$500 in cash, as full payment and satisfaction of the mortgage debt. That such was the arrangement is shown by undisputed proofs; but it is contended on the part of the appellants that, at the time the deed to that portion of the mortgaged premises was executed, it was understood by the grantors therein that one Eisenbeis, of Port Townsend, was to be named as grantee, and that they never, in pursuance of said arrangement, understood that they were to execute, or did execute, a deed to the respondent Elwood. Assuming such to·be the fact, appellants argue with much force that, since they never had any contract relations whatever with the respondent beyond the execution of said deed, there could be no mistake in the description as between them and the said respondent, since the deed itself constituted and evidenced the entire transaction between them. This contention loses its force when we consider the relation of all the parties to this transaction. At all times the entire negotiations were between appellants Stewart and said Murne, and it could make no difference whatever to such appellants as to who was named as the grantee in the deed executed as a part of such transaction. The entire consideration for the land deeded was paid by said Murne to the grantors, and it was never intended that any part of such consideration should come to said grantors from any other person. Such being the fact, the rights of the parties must be determined by the same rules as though the entire transaction, including the making of the deed as a part of the consideration for the satisfaction of the mortgage, had been with said Murne. We are, therefore, of the opinion that the contention that the deed embodied the entire contract, which can be looked to by the court in the determination of the cause, is untenable.

Appellants make a further contention that the deed to Elwood was absolutely void, and therefore not subject to reform, for the reason·that, at the time it was executed and

delivered, there was no grantee named in it.   There are
some parts of the proof tending to establish this state of
facts, but, taking all the testimony together, in connection
with the presumptions which prevail in favor of a sealed
instrument, we think it sufficiently appears that the deed
was fully filled out before its execution and delivery.   The
rights of the respondent, then, are the same as would have
been those of the said Murne if the deed had been made
directly to him, and as the proofs clearly show that, as a
part of the transaction for the satisfaction of the mortgage,
the property covered by the mortgage was to be conveyed,
and as at the time such agreement was entered into it was
supposed that the property intended to be mortgaged was
correctly described therein, it must be held that the prop-
erty which was contracted to be conveyed was in equity
not the property actually described in the mortgage, but
instead thereof the property which should have been so
described to carry out the intention of the parties at the
time said mortgage was executed.

As against the appellants Stewart, then, the respondent
is entitled to the relief prayed for in his complaint; and,
if the other appellants are in no better situation than they
would have been if they had not conveyed, the decree of the
lower court must be affirmed.   Such appellants Spinning
assert that for two reasons they are entitled to be pro-
tected as innocent purchasers of the land: *First*, For the
reason that, at the time the land was conveyed to them by
the other appellants, they had not such full knowledge of
the mistake in the description contained in the mortgage
and deed as charged them with knowledge of the equities
of the grantee in said deed.   We are satisfied, however,
from the proofs that they had at least sufficient knowledge
to put them upon inquiry, and, this being so, they must be
held to have had such knowledge as would have resulted
from such inquiry; and, under all the crcumstances of the

case, it is clear that, had such inquiries been prosecuted with reasonable diligence, full knowledge of all the facts would have been obtained. The fact of such knowledge is shown by extrinsic proofs, and is further evidenced by the deed under which said appellants hold. The consideration therein named is nominal, and, though there is an attempt to meet that fact by showing other consideration than that recited in the instrument, we are not satisfied that such additional consideration was to be paid except in the event that it could be made out of the property, after the rights of said Murne under said mortgage, or the grantee in the deed which had been executed as a part of the consideration for the satisfaction thereof, had been fully protected. The other ground, upon which such appellants claim that they hold as purchasers in good faith, is, that the property was sold under execution against the appellants Stewart, and was bid in by one D. B. Hannah, and that they now hold the title as acquired by him at such sale; but they cannot assert any right thus derived against the respondent, for the reason that, at the time the land was so bid off by said Hannah, both he and said appellants had full knowledge of the mistake in the mortgage and deed.

The judgment of the lower court must be affirmed.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J., not sitting.

### ON PETITION FOR RE-HEARING.

HOYT, J.—The petition for re-hearing in this case satisfies us that we did not make ourselves fully understood in the opinion rendered herein. We said something in reference to the title derived by the appellants under the execution sale which was entirely unnecessary to the decision of the case. The principal thought which we had in mind at the time was that under the well settled rule applicable to

such sales the title derived by the purchaser is measured by the real, and not the apparent, title of the judgment debtor, and that, as under the facts disclosed by the record the judgment debtor was not in a condition to assert any rights as against the mortgage in question, or the deed made in satisfaction thereof, the purchaser at such sale took subject thereto.

We see no reason to change the opinion that we then had in regard to that matter, and the petition for re-hearing must be denied.

STILES, ANDERS and SCOTT, JJ., concur.