[No. 2132.  Decided November 20, 1896.]

GEORGE BENNEY, *Appellant,* v. S. CLEIN *et al., Respondents.*

VACATION OF JUDGMENT— EFFECT AS BETWEEN THE PARTIES — SALE OF PROPERTY UNDER — REPLEVIN — ESTOPPEL TO DENY PLAINTIFF'S TITLE.

Where a judgment has been vacated because of the irregularity of the plaintiff in obtaining it, it operates to avoid an execution sale made under it, as between the parties, and cancels the purchase by the execution plaintiff of the property sold.

An execution plaintiff who purchases the property levied on does not occupy the position either of an innocent purchaser or of a *bona fide* incumbrancer.

Where a plaintiff has purchased the defendant's property at execution sale under a judgment which has afterwards been vacated, he is estopped to dispute the defendant's title thereto in a subsequent action instituted by the defendant against him for the recovery of the property.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Reversed.

*Charles F. Fishback* ( *Charles E. Shepard,* of counsel), for appellant.

*Gill, Keene & Shaw,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This action was brought by the appellant for replevin of a certain frame building, with certain fixtures and furniture therein, of the total value of $300.   After certain formal allegations, the complaint alleges the recovery by the respondents, on about October 5, 1894, of a judgment against the appellant as garnishee in an action then pending in the superior court for King county, in which the respondents were plaintiffs, Wandschneider and Camp-

bell were defendants, and the appellant was garnishee; that on November 3, 1894, an execution issued on said judgment, under which the property which is the subject of this suit was levied upon and sold on November 14, 1894, to the judgment creditors in that action (respondents herein).   The complaint further alleges that said judgment "was improperly and irregularly entered against this plaintiff [appellant here] as garnishee;" that thereafter, on January 8, 1895, the superior court vacated and set aside the judgment against the appellant as garnishee; a demand for the possession of the property, and an allegation of damage, by the detention, in the sum of $250.  A general demurrer was interposed to the complaint and overruled.  Respondents thereupon answered, setting up, in addition to what has already been stated, that the respondents took possession of the property in suit and retain it by virtue of the purchase at the execution sale; that appellant had full knowledge of the sale and of all proceedings, and at no time made objection thereto; permitted it to go on without attempting to stay it, or to vacate the judgment until three months after possession of the property was taken by respondents; that respondents had appealed from the judgment of the superior court which vacated and set aside the judgment, and that the appeal was then pending.   A demurrer to the answer was overruled and appellant (plaintiff below) replied, setting forth, among other things, that after the vacation of the judgment the action had been tried between the respondents (plaintiffs therein) and the appellant (garnishee therein), and resulted in a judgment in favor of appellant upon the merits.   When the cause came on trial, the lower court, on respondents' motion, entered a judgment in

their favor upon the pleadings, and dismissed the action.

The question to be determined upon this appeal is the effect of the vacation of a judgment, after an execution sale of personal property, upon the title to the property sold thereunder and purchased by the execution plaintiff. The appellant insists that the order vacating the judgment, like the reversal of a judgment, operates to avoid a sale made under it, as between the parties, and cancels the purchase by the execution plaintiff of the property sold; and counsel have cited numerous authorities to the effect that a reversal of a judgment, as between the parties, is the same as if the judgment had never been; and by reversal the judgment ceases to be a justification (as between the parties) for any acts done by virtue of it before the reversal occurred.

Counsel for the respondents do not question the soundness of the rule relied upon by appellant in so far as it pertains to a case wherein judgment has been reversed, but insist that a different rule is applicable where the judgment has been vacated merely. The record in this case does not disclose the grounds upon which the judgment in the garnishment proceeding was vacated, but, as already noticed, the complaint in this case alleged that the judgment was "improperly and irregularly" entered; and while, strictly considered, this is the statement of a conclusion rather than of an issuable fact, it is, we think, at this stage of the proceedings, entitled to a liberal construction. So construed, it would appear that the entry of judgment was due to some irregularity upon the part of the plaintiffs in that proceeding, who subsequently became the purchasers of the property sold; and it will be presumed that the order vacating the sale was

granted because of such "irregularity," and not as a matter of grace or favor to the defendant therein.

Adopting this view, the case, we think, falls within the principle (already referred to) which governs in cases of reversal. We perceive no reason for distinguishing between a judgment which has been vacated because of the irregularity of the plaintiff in obtaining it, and a judgment reversed by an appellate court upon appeal, in so far as the rights of purchasers (other than third parties) are concerned.

Aside from the allegation of irregularity in entering the judgment, it was suggested by counsel upon the oral argument, and appears from the record in the original cause which was appealed to this court by the respondents herein (and the appeal thereafter dismissed), that the judgment was vacated and the default of the defendant therein (appellant here) set aside upon a showing that his answer in garnishment was duly served upon plaintiffs' counsel prior to the entry of default; and thereafter it was left with the clerk of the superior court to be filed, but the same was not filed because of the neglect to pay the filing fee. We are not at this time called upon to review the action of the court in setting aside the default and vacating the judgment entered therein. It has become final and is binding upon all parties to that proceeding. But we refer to it in this action for the purpose only of ascertaining whether the action of the lower court in that behalf was based upon the inadvertence or excusable neglect of the defendant against whom the default and judgment had been entered, or for irregularity upon the part of the plaintiff in procuring the judgment; and, as already noticed, the record referred to discloses that it was

upon the latter ground that the relief was awarded in the lower court.

It appears that, in granting the motion to vacate and set aside the default and judgment referred to, the court directed "that the title of innocent purchasers and subsequent *bona fide* incumbrancers of the property heretofore purchased at the sale made by the sheriff of King county under and by virtue of executions heretofore issued herein be not in anywise disturbed or affected hereby; but that the status of property heretofore sold under and by virtue of an execution issued herein, and the title thereto of such innocent purchasers and *bona fide* incumbrancers be and remain as though this order had not been made." The respondents in this action are not in a position to avail themselves of this provision of the order. As execution plaintiffs they were neither "innocent purchasers" nor "*bona fide* incumbrancers."

Counsel for the appellant have urged in their brief that this court should not only reverse the judgment appealed from, but should direct that judgment be entered below in favor of appellant upon the pleadings. This is resisted by the respondents' counsel, who insist that they have a right in any event to put the appellant to proof of his title to the property in question. We think that respondents are not in a position to question appellant's title. They levied upon the property as the property of the appellant, and caused it to be sold as his property. They found it in his possession and are attempting to retain it upon the assumption that the title to it passed to them in virtue of the execution sale referred to. This, we think, should be held to estop them upon the question of ownership. But the answer does contain a sufficient denial of any damages arising from a detention

of the property, and to this extent the appellant would not be entitled to recover in the present condition of the pleadings.

The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

Hoyt, C. J., and Anders, Scott and Dunbar, JJ., concur.