[No. 3452. Decided April 30, 1900.]

EDWARD HACKER, *Appellant,* v. CHARLES B. WHITE
*et ux., Respondents.*

EXECUTION SALES—BONA FIDE PURCHASERS—UNRECORDED DEED—PRI-
ORITIES.

An execution creditor who purchases real estate at a sale
under his own levy, is not such a *bona fide* purchaser as to be
entitled to priority over an unrecorded deed, within the meaning
of Gen. Stat., § 1439, which provides that "all deeds and mort-
gages shall be recorded in the office of the county auditor of the
county where the land is situated, and shall be valid as against
*bona fide* purchasers from the date of their filing or recording in
said office."

Appeal from Superior Court, Pierce County.—Hon.
THOMAS CARROLL, Judge. Affirmed.

*Walter Loveday,* for appellant:

Upon the point that an execution creditor purchasing
at his own sale is a *bona fide* purchaser, counsel cites Her-
man, Executions, § 338; Rorer, Judicial Sales (2d ed.),
§§ 866, 874; *Wood v. Chapin,* 13 N. Y. 509 (67 Am. Dec.
62); *Jackson v. Chamberlain,* 18 Wend. 620; *Halloway
v. Platner,* 20 Iowa, 121 (89 Am. Dec. 517); *Evans v.
McGlasson,* 18 Iowa, 152; *Gower v. Doheney,* 33 Iowa,
38; *Woodward v. Sartwell,* 129 Mass. 210; *Sternberger
v. Ragland,* 48 N. E. 811; *Pugh v. Highley,* 53 N. E. 171
(44 L. R. A. 392, 71 Am. St. Rep. 327); *Newman v.
Davis,* 24 Fed. 609; *Doyle v. Wade,* 1 South. 516 (11 Am.
St. Rep. 334).

*Allyn & Allyn,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by appellant
against respondents to quiet title to certain town lots in

the city of Tacoma. The following are the pertinent facts: On January 16, 1896, William Hacker recovered judgment against Clara B. Stevenson in a foreclosure proceeding for the sum of $932.96. Subsequently the mortgaged property was sold, and there was left on the judgment a deficiency of $479.39. On February 29, 1896, execution was issued on the deficiency, under which levy was made on the property in controversy March 2, 1896. Sale of the same was made April 6, 1896, and the property was bid in by the judgment creditor. The sale was confirmed April 17, 1896, and on July 8, 1897, the sheriff's deed was executed to William Hacker, who deeded the land to Edward Hacker, the plaintiff and appellant herein, September 20, 1897. This deed was recorded May 28, 1898. On August 3, 1895, the said property was conveyed to Clara B. Stevenson, the deed of conveyance being recorded on the same day. On August 5, 1895, Clara B. Stevenson deeded the land to Nancy A. White, one of the respondents herein, which deed was not recorded until June 2, 1896. The finding of the lower court is to the effect that the deed of Clara B. Stevenson to the respondent Nancy A. White was for a good and valid consideration, and was a *bona fide* transaction. The good faith of this transaction is vigorously assailed by the appellant, but we think the finding of the court is fully warranted by the testimony. There appear none of the badges of fraud which were proven in the case of *O'Leary v. Duvall,* 10 Wash. 666 (39 Pac. 163), which was relied upon by appellant. Nor can we see that there was any evidence of fraud whatever; so that the purely legal proposition is presented, will the levy of an execution creditor prevail over an unrecorded deed?

It is conceded that in this state the judgment is a lien on the real, and not the apparent, interest of the debtor;

so that, if the appellant prevails in this action, he must bring himself within the provisions of the statute in relation to *bona fide* purchasers. · 1 Hill's Code, § 1439. On the question of whether an execution creditor purchasing at his own sale is a *bona fide* purchaser, within the meaning of the recording act, there is an acknowledged conflict of authority. But it is not necessary to discuss the relative merits of these authorities, for this court has uniformly held that such purchaser was not a *bona fide* purchaser, although the appellant has placed a different construction upon such decisions. The decisions, however, show conclusively that the court has made no distinction in principle between purchasers of personal and real property. In *Scott v. McGraw,* 3 Wash. 675 (29 Pac. 260), it was said:

"An execution creditor is not a *bona fide* purchaser. He parts with no consideration, on account of the goods, and he takes no greater interest than his debtor has."

And the matter under discussion in that case did not tend to modify the principle announced.

In *Elwood v. Stewart,* 5 Wash. 736 (32 Pac. 735, 1000), where the subject of the controversy was real estate, the same doctrine was announced; and, while the question of notice was involved, the opinion on petition for rehearing shows conclusively the general doctrine sought to be established.

In *Benney v. Clein,* 15 Wash. 581 (46 Pac. 1037), while it is true that the question of the effect of the vacation of a judgment was before the court, the question under discussion here was also directly involved; and in answer to respondents' contention that they should be protected by a condition in the order of the court, when granting the motion to vacate the judgment, that the title of

innocent purchasers and subsequent *bona fide* incumbrancers should not be disturbed, it was said:

"The respondents in this action are not in a position to avail themselves of this provision of the order. As execution plaintiffs they were neither 'innocent purchasers' nor '*bona fide* incumbrancers.'"

In *Dawson v. McCarty,* 21 Wash. 314 (57 Pac. 816), it was held that:

"Since a judgment lien on lands binds only the interest which the debtor actually has therein, an unrecorded mortgage takes precedence over a subsequent judgment."

In that case the question was discussed at length, and the announcement made that:

"The decided weight of authority seems to be that the term '*bona fide* purchasers' in the recording act, does not include a judgment creditor."

The theory, of course, is that he has not parted with any consideration, and hence his relation to the property in dispute is, in substance, the same as it was before the purchase, which seems to be a reasonable distinction between the judgment debtor and a stranger to the transaction who pays his money, as an independent transaction, for the property. We think it was the latter class of purchasers which the legislature intended to protect.

Affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.

ANDERS, J., not sitting.