[No. 21263. Department One. July 2, 1928.]

MARGARET M. ROSS, *Appellant*, v. FISHER COMPANY, *Respondent*.[1]

[1] TROVER AND CONVERSION (9)—ACTIONS—TITLE AND RIGHT OF POSSESSION OF PLAINTIFF. One who takes radio sets for sale on commission acquires no title and cannot maintain conversion against one entitled to possession from whom they were received.

[2] TRIAL (33)—REOPENING CASE FOR FURTHER EVIDENCE—AFTER DECISION—DISCRETION OF COURT. In a case tried to the court, the asking of a new trial because of false testimony, after oral announcement of the decision, is an application to reopen the case, addressed to the discretion of the trial court, and reviewable only for abuse.

Appeal from a judgment of the superior court for Pierce county, Remann, J., entered December 10, 1927, upon findings in favor of the defendant, in an action for conversion. Affirmed.

*Harry H. Johnston,* for appellant.

*J. H. Gordon,* for respondent.

MITCHELL, J.—Mrs. Margaret M. Ross was engaged in selling radio sets in Tacoma. The Fisher Company

[1]Reported in 268 Pac. 883.

of that city financed the business. The Fisher Company procured a consignment to it of radios, for a stated period of time, from the manufacturers. It allowed Mrs. Ross to take them for sale on a commission, and part of them not being disposed of within the time limit of the consignment, the manufacturers notified the Fisher Company to return them or pay for them. The Fisher Company notified Mrs. Ross to bring them in. She failed or refused to do so notwithstanding her promise. The Fisher Company sent two of its servants for the radio sets and they entered the home of Mrs. Ross during her absence, and without her consent or the consent of anyone, and took possession of two of the instruments. She brought this suit alleging unlawful trespass and conversion of the articles. The trial to the court without a jury resulted in her favor on account of trespass only. She has appealed from the denial of recovery for the alleged conversion.

[1] While there was some contention on her part in the testimony to the contrary, the clear weight of the testimony was as we have stated it and as the court found. She knew the arrangement and terms under which the respondent had procured the articles from the manufacturers, and at the time they were taken from her home she had no right of property in them, and her right of possession had passed to the respondent who was responsible to the manufacturer under the terms of the consignment. As between them, the respondent was entitled to the possession, and the fact that the articles were obtained by committing a trespass gave her no cause of action in conversion.

[2] At the conclusion of all the evidence, the court orally announced a decision to the same effect as that contained in written findings and judgment subsequently entered. In the meantime the appellant filed what is designated as a petition—it is in that

form—supported by her affidavit, alleging facts tending to show that one of the witnesses for the respondent had testified mistakenly or falsely, and asked for a new trial. The petition was denied, and this is assigned as error.

Whatever its form, we think the effect of the petition and affidavit was an application to the court to reopen the case for the introduction of further testimony. Such applications are addressed to the sound discretion of the court and are subject to review only in cases of abuse of discretion, which we do not find in this case.

Affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and ASKREN, JJ., concur.