MOREHEAD v. HARRIS

CLARENCE L. MOREHEAD, ADMINISTRATOR ESTATE OF SYLVIA HARRIS
    MOREHEAD, DECEASED, AND C. L. MOREHEAD, GEORGE WAYMAN
    MOREHEAD, ALMETTA MOREHEAD TENNIE, HERMAN MORE-
    HEAD, AND WILEY LEROY MOREHEAD, THE ONLY HEIRS OF SYLVIA
    HARRIS MOREHEAD, DECEASED, AND CHARLES M. IVEY, JR., RE-
    CEIVER, ESTATE OF AND W. SAM SHAFFER, II, GUARDIAN AD LITEM OF
    WILEY LEROY MOREHEAD, SUBSTITUTED AS PARTIES PLAINTIFF IN LIEU
    OF SYLVIA HARRIS MOREHEAD, DECEASED, AN ORIGINAL PLAINTIFF,
    AND C. L. MOREHEAD, ADMINISTRATOR D.B.N.-D.B.N. ESTATE OF JOHN
    WESLEY HARRIS, DECEASED, AND CLEASE HARRIS AND EARLING-
    TON HARRIS, THE ONLY HEIRS OF JOHN WESLEY HARRIS, DE-
    CEASED, SUBSTITUTED AS PARTIES PLAINTIFF IN LIEU OF JOHN WESLEY
    HARRIS, AN ORIGINAL PLAINTIFF v. DAISY HARRIS, MARY LOUISE
    PRICE, NOW MARY LOUISE PRICE BOQUIST, AND HER HUSBAND,
    RICHARD E. BOQUIST, HELEN MOORE PRICE, NOW HELEN MOORE
    PRICE HOOPER, AND HER HUSBAND, PHILLIP M. HOOPER

No. 6918SC15

(Filed 2 April 1969)

Registration § 3—    registration as notice — collateral instrument —
    deed of trust

> Where plaintiffs were heirs to a remainder interest in property subject
> only to a widow's dower right, which was never allotted, and where the
> widow, acting as administratrix of her husband's estate, purchases the
> property at a foreclosure sale and executes a deed of trust securing the
> purchase price thereof, the recording of the deed of trust wherein the
> word "widow" appears in parentheses after the name of the widow-
> trustor in the granting clause and in the acknowledgment is held insuffi-
> cient to constitute notice as a matter of law to subsequent purchasers
> from the widow of the plaintiffs' equitable interest in the property, the
> deed of trust not being a muniment of title through which the purchasers
> derived legal title but being merely a recorded collateral instrument which
> created a lien on the property; consequently, the purchasers take title
> free of equities as innocent purchasers for value.

APPEAL by plaintiffs from Crissman, J., 12 February 1968 Civil
Session of GUILFORD Superior Court (Greensboro Division).

This is a civil action to have fee simple title and right of posses-
sion to two parcels of real property declared to be in plaintiffs. This
case has been twice previously appealed to the North Carolina Su-
preme Court; see opinions reported in 255 N.C. 130, 120 S.E. 2d
425, and in 262 N.C. 330, 137 S.E. 2d 174. At the conclusion of the
second appeal all issues had been determined in favor of plaintiffs
excepting only the issue relative to the claim asserted by defendants
Boquist and Hooper (who are referred to in the opinion of the Su-
preme Court rendered on the second appeal as "defendants Price")
that they were innocent purchasers for value and owners of a 5/6
undivided interest in a portion of one of the tracts. The Supreme

Court remanded the case to the superior court for a new trial upon that single issue.

Upon remand to the superior court, the parties waived jury trial, agreed that the judge might hear and determine the one remaining issue, and stipulated that the evidence should consist of (1) the entire record as presented on the second appeal to the Supreme Court, and (2) certain additional stipulated evidence. The only additional evidence for the plaintiffs was the record of an uncanceled deed of trust dated 8 September 1933 executed and acknowledged by Daisy Harris (widow) to T. C. Hoyle, trustee, to secure an indebtedness to Wachovia Bank & Trust Company, successor trustee to C. W. Bradshaw, for C. W. Bradshaw, Jr. This deed of trust was acknowledged and probated on 9 September 1933 and was filed for recording, and recorded and properly indexed in the office of the Register of Deeds of Guilford County at 5:00 p.m. on 14 September 1933. After hearing, the trial judge entered judgment finding that the recording and indexing of this uncanceled deed of trust "do not as a matter of fact or law constitute notice to the defendants Boquist and Hooper as to any matters other than what appears on those records, and that notice of such matters is not sufficient as a matter of fact or law to constitute notice so as to declare the defendants Boquist and Hooper not innocent purchasers for value of the property at issue." The judge thereupon answered the issue as to whether defendants Boquist and Hooper were bona fide purchasers for value of a 5/6 undivided interest in the portion of the property claimed by them in the affirmative. From judgment in conformity with this finding, plaintiffs appealed.

*Shuping & Shuping, by C. Leroy Shuping, Jr., for plaintiff appellants.*

*Hoyle, Boone, Dees & Johnson, by J. Sam Johnson, Jr., for defendant appellees.*

PARKER, J.

For a full statement of the facts giving rise to this case, reference is made to the opinions of the Supreme Court rendered on the previous appeals and reported in 255 N.C. 130, 120 S.E. 2d 425, and in 262 N.C. 330, 137 S.E. 2d 174. Insofar as pertinent to the present appeal, the facts may be succinctly stated as follows: In 1927 Wiley Harris, the owner of an 11/12 undivided interest in a tract of land in Guilford County, N. C., executed a deed of trust conveying a 5/6 undivided interest in said land to a trustee to secure a debt. He

died intestate on 3 May 1933 and his widow, Daisy Harris, qualified as administratrix of his estate on 31 May 1933 in the office of the clerk of Superior Court of Guilford County, and thereafter she acted in that capacity. The debt being unpaid, the trustee foreclosed under the power of sale contained in the deed of trust. At the foreclosure sale on 26 August 1933 the widow, Daisy Harris, who had only a dower interest in the property, was the last and highest bidder. As a result of this foreclosure sale the trustee conveyed the 5/6 undivided interest in the land to Daisy Harris by deed dated 8 September 1933, acknowledged 12 September 1933, filed for registration at 4:55 p.m. on 14 September 1933, and duly recorded in the office of the Register of Deeds of Guilford County. On 1 June 1946 Daisy Harris deeded a portion of the land to Grace Construction Company, purporting to convey the fee clear of any outstanding interest. On 5 May 1947 Grace Construction Company deeded this portion of the land to defendants Boquist and Hooper, who thereafter through their agent had it drained and graded and occasionally had it mowed and cleared of rubbish. Defendants leased to Greensboro Broadcasting Company an unpaved road or right of way over the land for ingress and egress to and from a radio tower situated on adjacent property, collected the rents, and paid taxes. Daisy Harris died in 1960, after the commencement of this action, without any allotment of her dower ever having been made. The plaintiffs are heirs at law of Wiley Harris, being his children or descendants of his children by his first marriage.

On the foregoing facts, which were established by the record on appeal upon the second appeal to the Supreme Court, the Supreme Court held that when the widow, having only a life interest in the form of her dower right in the property, purchased at the foreclosure sale, she could not hold the property to her exclusive benefit but was deemed to have purchased for the benefit of herself and the plaintiffs, who had inherited the remainder interest in the property subject to her dower right. The Supreme Court held, however, that it had been error for the trial court on the second trial of this case to rule as a matter of law that the defendants Boquist and Hooper were not innocent purchasers for value without notice of plaintiffs' equities in the portion of the property described in the deed to said defendants from Grace Construction Company. The Court stated that the evidence in the record then before it permitted the inference that at the time of the purchase by defendants Boquist and Hooper, neither said defendants nor their agent had any actual notice of plaintiffs' equities, that such defendants had paid a valuable consideration, and had purchased in good faith. The Court further held

that the record of administration of the Wiley Harris estate in the office of the clerk of Superior Court was not constructive notice to Grace Construction Company or to defendants Boquist and Hooper of the fact that at the time of the foreclosure sale Wiley Harris had died intestate survived by children, who were his heirs at law, and that the purchaser at the foreclosure sale was his widow and administratrix of his estate. In this connection the Court, speaking through Moore, J., said, 262 N.C. 330, 342, 137 S.E. 2d 174, 195:

> "(W)here the defense of 'innocent purchaser' is interposed and there has been a bona fide purchase for a valuable consideration, the matter which debases the apparent fee must have been expressly or by reference set out in the muniments of record title or brought to the notice of the purchaser in such a manner as to put him upon inquiry. An innocent purchaser takes title free of equities of which he had no actual or constructive notice."

The Supreme Court then held that on the record then before them the defendants Boquist and Hooper were entitled to a peremptory instruction on the "innocent purchaser" issue and remanded the case for a new trial on that issue. On such new trial the parties waived jury trial, agreed that the trial judge might hear and determine the matter upon the sole issue remaining, and that the evidence should consist of the entire record on appeal on the second appeal to the Supreme Court and the court reporter's transcript from which the narrative statement of testimony had been taken. The only additional evidence submitted by the plaintiffs was the record of the deed of trust which had been executed by "Daisy Harris, (widow)," and which had been recorded on the same date and only five minutes after the deed given to her by the trustee as result of the foreclosure sale. On this evidence the trial judge made a finding, on the sole issue presented to him for decision, in favor of defendants Boquist and Hooper, that they were bona fide purchasers for value. This finding is clearly supported by the evidence and is conclusive on this appeal unless, as a matter of law, the recording of the deed of trust dated 8 September 1933 in which the word "widow" appears in parenthesis after the name of Daisy Harris in the granting clause and in the acknowledgment, constituted notice to her grantee, Grace Construction Company, when it purchased from her in 1946, of the existence of plaintiffs' equitable interests in the property. We agree with the trial judge that it did not.

In the first place it should be observed that even had the deed of trust in question been examined by defendants at the time they purchased in 1947, the only matter of which they would have thereby

been put on notice would have been the possible continued existence of its lien and that on 8 September 1933 Daisy Harris had been a widow. It would not have given any notice that her husband had died intestate, that Daisy was administratrix of his estate, or that he had left surviving children as his heirs at law. These were the critical facts which gave rise to plaintiffs' equitable claims when Daisy purchased at the foreclosure sale. It is true that "(i)f the facts disclosed in an instrument appearing in a purchaser's chain of title would naturally lead an honest and prudent person to make inquiry concerning the rights of others, these facts constitute notice of everything which such inquiry, pursued in good faith and with reasonable diligence, would have disclosed." *Jones v. Warren,* 274 N.C. 166, 173, 161 S.E. 2d 467, 472.

However, the deed of trust in question by Daisy Harris (widow) was not a muniment of title through which defendants derived legal title to the 5/6 undivided interest in the property conveyed to them in 1947 by Grace Construction Company. It was not a link in their chain of title, and it could not become a link in any chain of title unless and until it was properly foreclosed. Until such time it was merely a recorded collateral instrument which created a lien on the property, subject to be extinguished by payment of the debt which it secured and proper cancellation of record or by the conclusive presumption of payment provided for in G.S. 45-37(5). Moore, J., speaking for the Court in the opinion rendered on the second appeal of this very case, said, 262 N.C. 330, 340, 137 S.E. 2d 174, 184:

> "A purchaser is presumed to have examined each recorded deed or instrument in his line of title and to know its contents. *He is not required to take notice of and examine recorded collateral instruments and documents which are not muniments of his title and are not referred to by the instruments in his chain of title. Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197. *One need only to look to the muniments of title. Vitiating facts must appear in deraigning title, on the face of deeds in the chain of title, and in one of the muniments of title."* (Emphasis added.)

Since the deed of trust dated 8 September 1933 which was executed by "Daisy Harris (widow)" was not in defendants' chain of title, and since nothing appeared in any instrument which was in that chain to put defendants or their grantor, Grace Construction Company, on notice of the plaintiffs' equitable claims against the prop-

erty, the trial court was correct in holding Boquist and Hooper were bona fide purchasers for value.

The judgment appealed from is

Affirmed.

MALLARD, C.J., and BRITT, J., concur.