[No. 153-3. Division Three. March 10, 1971.]

HAROLD KOCH et al., *Appellants*, v. ERNEST B. SWANSON et al., *Defendants*, PACIFIC FIRST FEDERAL SAVINGS & LOAN ASS'N et al., *Respondents*.

*Joseph J. Rekofke* (of *Cashatt, Williams, Connelly & Rekofke*), for appellants.

*C. Raymond Eberle* (of *Wolff & Eberle*), for respondents.

GREEN, J.—Plaintiffs, Harold and Molly Koch and Gordon and Lorraine Koch, brought an action to foreclose a mortgage executed by defendants, Ernest B. and Estelle A. Swanson. Plaintiffs' complaint alleged their mortgage was su-

perior to certain claimed interests of Pacific First Federal Savings & Loan Association and Alvin J. and Jane H. Wolff who were joined as defendants. The trial court held these interests superior to those of plaintiffs. Plaintiffs appeal.

Plaintiffs sought to foreclose a real estate mortgage executed by Swansons in their favor on June 15, 1965, covering property in Spokane County:

> West 186.96 feet of the North One-Half of *Tract 125* of Opportunity, except the South 169⅔ feet thereof,
>
> Subject to restrictions of record and prior mortgage granted to Spokane Valley Savings and Loan Association

(Italics ours.) to secure the sum of $18,000. This mortgage was recorded in the office of the Spokane County Auditor on June 30, 1965. At the time of mortgage, plaintiffs did not secure a title report nor did they examine the records of the auditor to verify the status of title and correctness of description.

On July 7, 1965, Swansons executed another mortgage in favor of Pacific First Federal, covering the following described Spokane County property:

> The West 186.96 feet of the North half of *Tract 124* of OPPORTUNITY, as per plat thereof recorded in Volume "K" of Plats, page 20 EXCEPT the South 169-⅔rds feet thereof;

(Italics ours.) This mortgage was properly recorded July 8, 1965. Thereafter, on September 29, 1967, Swansons executed a statutory warranty deed conveying the same described property to Wolff. This deed was recorded October 9, 1967. Prior to Wolff's purchase of the property, they secured a title insurance policy showing the property vested in Swansons subject to the mortgage to Pacific First Federal dated July 7, 1965; no other mortgages were shown.

Preparatory to bringing this action, plaintiffs requested a title search of the property described in their June 15, 1965 mortgage. The search disclosed Swansons had no interest in tract 125. Further investigation showed "Tract 125" described in their mortgage was erroneous and it should have read "Tract 124." However, tract 124 was

vested in Wolff (deed dated September 29, 1967) subject to the mortgage to Pacific First Federal (July 7, 1965). It is undisputed the only property owned by Swansons in Opportunity plat at the time of their mortgage to plaintiffs was in tract 124; this was the property intended to be covered by the mortgage.

Plaintiffs argue that since the only difference in description in the several conveyances is with respect to tract number, such similarity should have excited inquiry on the part of defendants leading to discovery of the error in description and thus knowledge of plaintiffs' mortgage. Therefore, plaintiffs take the position the mortgage given by Swansons on June 15, 1965 is a first and prior lien and, having been timely recorded, constituted constructive notice to all subsequent encumbrancers and purchasers, including Pacific First Federal and Wolff that a mortgage existed on tract 124 in plaintiffs' favor.

■ Real property conveyances may be recorded in the office of the county auditor. RCW 65.08.070. When so recorded, the auditor is required to keep a general index of them, containing the date of recording, names of the grantor and grantee, nature of the instrument, volume and page where recorded, remarks and description of the property. RCW 65.04.050. The general index is an essential part of the record because it imparts notice. *Ritchie v. Griffiths*, 1 Wash. 429, 25 P. 341 (1890); *cf. Jones v. Berg*, 105 Wash. 69, 177 P. 712 (1919). A properly recorded mortgage gives notice of its contents to the whole world. *Strong v. Clark*, 56 Wn.2d 230, 352 P.2d 183 (1960). Subsequent purchasers and encumbrancers take the property with notice of the prior mortgage. RCW 65.08.070.

If Wolff and Pacific First Federal had searched the index, they would have found no document affecting tract 124. Plaintiffs' mortgage covered only tract 125 and was described in the index as "pt tract 125 Opportunity." Tracts 124 and 125 were only two of numerous tracts in the Opportunity plat; consequently, each conveyance described existing property. By searching the index as to tract 124,

defendants were not put on notice as to encumbrances affecting tract 124 erroneously described as tract 125.

■   Where existing property is described, the index and the recorded document imparts notice only as to matters within its chain of title. *Paganelli v. Swendsen*, 50 Wn.2d 304, 311 P.2d 676 (1957); *Biles-Coleman Lumber Co. v. Lesamiz*, 49 Wn.2d 436, 439, 302 P.2d 198 (1956); 45 Am. Jur. *Records and Recording Laws* § 128 at 493 (1943); *cf. Morehead v. Harris*, 4 N.C. App. 235, 166 S.E.2d 476 (1969). Therefore, one searching the index has a right to rely upon what the index and recorded document discloses and is not bound to search the record outside the chain of title of the property presently being conveyed. 45 Am. Jur. *Records and Recording Laws* § 82 at 465 (1943). In the instant case, the conveyances to Pacific First Federal and Wolff were within the chain of title of all prior conveyances affecting tract 124. A search of the record within this chain of title would not have disclosed the prior mortgage to plaintiffs.

Plaintiffs' contention, that the similarity of descriptions in the several conveyances put defendants upon inquiry notice and that inquiry would have disclosed the error, is without merit; the mortgage to plaintiffs as well as the mortgage and deed to defendants described existing property. In these circumstances, defendants were required to go no further than a search of the record as to tract 124. To adopt plaintiffs' position would impose an almost impossible burden upon a party seeking to become a bona fide purchaser in that each and every conveyance shown of record and involving a common grantor would have to be investigated beyond the auditor's records for possible error to avoid a claim of inquiry notice. This would destroy the strength of our recording system and any justifiable reliance thereon. *Cf. Paganelli v. Swendsen, supra* at 309.

While the cases cited by plaintiff properly recite the general rules as to inquiry and constructive notice, they are factually not in point.[1]

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

---

[1]*Paganelli v. Swendsen,* 50 Wn.2d 304, 311 P.2d 676 (1957); *Thompson v. Stack,* 21 Wn.2d 193, 150 P.2d 387 (1944); *Tjosevig v. Butler,* 180 Wash. 151, 38 P.2d 1022 (1934); *Daly v. Rizzutto,* 59 Wash. 62, 109 P. 276 (1910); *Wetzler v. Nichols,* 53 Wash. 285, 101 P. 867 (1909); *Sengfelder v. Hill,* 21 Wash. 371, 58 P. 250 (1899); *Elwood v. Stewart,* 5 Wash. 736, 32 P. 735, 1000 (1893).