[No. 2504–3.   Division Three.   May 30, 1978.]

JAMES L. MALCHOW, ET AL, *Appellants,* v. BOISE CASCADE CORPORATION, *Respondent.*

*Lee R. McNair* and *McNair & Henderson, Inc., P.S.,* for appellants.

*Pat Cockrill* and *Hovis, Cockrill & Roy,* for respondent.

GREEN, J.—James and Delores Malchow brought this action in conversion against Boise Cascade Corporation, to recover triple damages for the cutting and removing of standing timber in 1973 from their land in Asotin County. Summary judgment was granted in favor of Boise Cascade and the Malchows appeal.

We reach only the threshold question of whether the Malchows have standing to bring this action and hold that they do not.

■ In order to recover in a conversion action, a plaintiff must rely upon the strength of his own title and right to possession without regard to the weakness of that of his adversary. *Sussman v. Mentzer,* 193 Wash. 517, 520, 76 P.2d 595 (1938); *Smith v. Dahlquist,* 176 Wash. 84, 89, 28 P.2d 262 (1934); *Morehouse v. Spokane Security Fin. Corp.,* 175 Wash. 501, 504, 27 P.2d 697 (1933). It is not necessary that a plaintiff have absolute and unqualified title, but he must at least show that he has the right to possession or some property interest in the item converted. *Burnett v. Edw. J. Dunnigan, Inc.,* 165 Wash. 164, 170, 4 P.2d 829 (1931); *Messenger v. Murphy,* 33 Wash. 353, 356, 74 P. 480 (1903). We review the record in light of these rules.

The prior owners of the real estate from which the timber was harvested were R. P. and Hilda Wilson. On December 2, 1950, the Wilsons by timber deed conveyed the right to harvest and cut timber on their land to the J. Herbert Bate Co., an Oregon corporation, for a period of 25 years. This deed was recorded in Asotin County on December 15, 1950. Approximately 10 years later, Richard Horton, Malchows' predecessor in interest, purchased the real estate from the Wilsons' estates. Unfortunately, the title insurance policy failed to pick up the prior recorded

timber deed. On August 1, 1968, Malchows purchased the real estate by contract from Mr. Horton.

▓ Based on this series of conveyances, the trial court reasoned that Mr. Horton and his successors, the Malchows, took with constructive notice of the prior 25–year timber deed and of a third party's interest in the timber. We agree. *Strong v. Clark,* 56 Wn.2d 230, 232, 352 P.2d 183 (1960); *Koch v. Swanson,* 4 Wn. App. 456, 458, 481 P.2d 915 (1971). Consequently, neither Mr. Horton nor the Malchows acquired any right, title, or interest to the timber cut by Boise Cascade. Having failed to prove title, the Malchows have no standing to bring this conversion action. Their attempt to contest Boise Cascade's right to cut the timber is of no avail.[1]

▓ Although Malchows appeal from the dismissal of their action for damages to the real estate flowing from the alleged negligent harvesting of standing timber, the issue is not argued in the brief. Since the issue does not raise a constitutional question, it will not be considered.

Affirmed.

MUNSON, C.J., and ROE, J., concur.

---

[1]The record shows that a certificate and articles of dissolution of the J. Herbert Bate Co. were filed with the State of Oregon Corporation Department on June 25, 1964. On the same date, a "Distribution, Deed, Bill of Sale and Assignment" was executed purporting to distribute *all* of its assets to its sole stockholder, Boise Cascade. On July 21, 1967, this document was recorded in Asotin County. Because it did not contain a legal description, it did not appear in the tract index. However, it did appear in the grantor–grantee index. Malchows claimed Boise Cascade's title was defective because the deed failed to meet the statutory requirements.