■ ROBERT R. GIBBS, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58643.)—Appeals (1) from an interlocutory judgment in favor of claimant, entered April 14, 1978, upon a decision of the Court of Claims, and (2) from a judgment in favor of claimant, entered May 16, 1978, upon a decision of the Court of Claims. Claimant owned certain real property leased to Prysel Corporation, an automobile dealership in Ithaca, New York. A quantity of office furniture and other items of personal property also owned by claimant were used by the lessee on the demised premises. Early in May of 1974, claimant's president, Robert Gibbs, observed that the premises had been sealed and padlocked by the State of New York. Upon inquiry on May 6, 1974 at the premises, two representatives of the State Tax Commission advised him that they were going to auction all the personal property in the building in order to satisfy unpaid taxes owed by the lessee. When these agents refused to honor Gibb's claim of title to the property, he was told to contact a Mr. Kern, the district tax supervisor in the Binghamton office. Gibbs spoke on the phone to a man in the Binghamton office who identified himself as Kern and who assured him that the various items would be set aside and not placed on auction. On the date of the sale, May 16, 1974, Gibbs advised the tax agents an hour before the auction of his conversation with Kern and what he had been told. Gibbs was ignored, the sale took place and all of the property was sold. Upon this bifurcated claim for conversion, claimant prevailed on the issue of liability and was thereafter awarded the sum of $2,540.14 as damages and appropriate interest. In our view, the judgments of the Court of Claims must be affirmed. Claimant, through its president's testimony, established ownership and the right to possession of the property in question to the satisfaction of the trial court. Since the necessary factual determination rested upon the resolution of issues of credibility, we perceive no reason to disturb the trial court's evaluation of the testimony, where it is amply supported by the evidence *(Schoonmaker v State of New York,* 32 AD2d 1005). Moreover, claimant has met its burden of proving all necessary elements to establish a cause of action for conversion by agents of the State *(City of Albany v Standard Acc. Ins. Co.,* 7 NY2d 422, 429; *Pierpoint v Hoyt,* 260 NY 26, 29; *Employers' Fire Ins. Co. v Cotten,* 245 NY 102, 105; *Teddy's Drive In v Cohen,* 54 AD2d 898). Nor do we find any reason to disturb the findings upon the issue of damages. The measure thereof is the value of the property at the time of the conversion *(Matter of Rothko,* 56 AD2d 499, affd 43 NY2d 305) plus interest *(Hillsley v State Bank of Albany,* 24 AD2d 28), and the trial court was free to accept the opinion of the expert witness of its choice. Judgments affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.